Dawson Morton
Cal. SBN 320811
Santos Gomez
Cal. SBN 172741
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Ph: 831-228-1560
Fax: 831-228-1542
dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com

ATTORNEYS FOR PLAINTIFF MOISES GOMEZ-GASCA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MOISES GOMEZ-GASCA, and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FUTURE AG MANAGEMENT, INC., ELIAS PEREZ CHAVEZ, and CAMARILLO BERRY FARMS, LLC,<br><br>Defendants. | CIVIL ACT. NO.:<br><br>COMPLAINT<br><br>RULE 23 CLASS<br><br>JURY TRIAL DEMANDED |

1.        Plaintiff is an agricultural worker imported from Mexico by Defendants Future Ag Management and Elias Perez-Chavez to work for Defendants Future Ag Management, Perez-Chavez and Defendant Camarillo Berry Farms in the production of agricultural crops.  Defendants violated federal minimum wage statutes, California's wage, and breached the Plaintiff's employment contract and the federal regulations incorporated within it.

2.        Defendants violated the Fair Labor Standards Act (FLSA) by willfully failing to pay at least the required hourly wage for every compensable hour of labor performed in a workweek (including by failing to reimburse their employment-related expenses as required by law) to Plaintiff and to each individual who may opt into this action as allowed by the FLSA ("Opt-In Plaintiff"), and to other similarly-situated workers.

3.     Defendants breached Plaintiff's employment contracts by failing to pay the contractually-promised wages, including those required by the FLSA, for all hours worked, and by failing to reimburse Plaintiff's employment-related expenses including travel expenses.

4.     To remedy these and other legal violations, Plaintiff, Opt-In Plaintiffs, and a plaintiff class seek their unpaid wages, liquidated damages, actual, incidental, consequential, and compensatory damages, reasonable attorneys' fees and costs, and pre and post-judgment interest.

## II. JURISDICTION AND VENUE

5.     This Court has jurisdiction of this action pursuant to:

      a.     28 U.S.C. § 1331 (Federal Question);

      b.     29 U.S.C. § 1337 (Interstate Commerce);

      c.     29 U.S.C. § 216(b) (FLSA); and

      d.     28 U.S.C. § 1367 (Supplemental).

6.     This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiff's federal FLSA claims that they form part of the same case or controversy under Article III, Section 2 of the U.S. Constitution.

7.     **Intradistrict Assignment.** Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and N.D. Ca. Local Rule 3.2 because a substantial part of the claims arose in the Northern District of California and because the Defendants do business in Monterey County.

## III. PARTIES

8.     Plaintiff Moises Gomez-Gasca worked for Defendants in the 2017 season.

9.     Plaintiff Gomez-Gasca and others similarly-situated were H-2A agricultural guest workers admitted into the United States to work under the auspices of the H-2A program, 8 U.S.C. § 1188 and 20 C.F.R. §§ 655.0-655.185

10.     Plaintiff's FLSA consent form is attached as Exhibit A to this Complaint.

11.     Defendant Future Ag Management, Inc. is a California corporation with a present address of 41950 13th Street in Greenfield, California 93927.

12.     Defendant Future Ag Management is operated by Elias Perez-Chavez who also serves as its registered agent.

13.     Defendant Elias Perez-Chavez dominated the finances of Defendant Future Ag and used his personal assets and personal resources, including a personal bank account, to pay workers when it would assist Mr. Perez-Chavez and Future Ag in hiding wage and contract violations.

14.     Defendant Perez-Chavez is originally from Las Jicamas, Valle de Santiago, Guanajuato, Mexico.

15.     Defendant Future Ag is a farm labor contractor registered with the U.S. Department of Labor with license number C-09-699063-A-19-R.

16.     Defendant Camarillo Berry Farms, LP is a California corporation with a principal place of business at 19000 Portola Avenue, Suite 106, Salinas California, 93908.  Its registered agent is John Wilkinson, at the same address.

17.     Defendant Camarillo Berry's supervisor was present, at times, supervising Plaintiff and others similarly situated and had the power to direct that work stop, that work change location or that other correction or changes be made to work conditions.

18.     Based on their business arrangement with the Defendants Future Ag and Perez-Chavez, Defendant Camarillo Berry was Plaintiff's client employer under California law.

## THE H-2A PROGRAM

19.     The H-2A program was created by 8 U.S.C. § 1188 and is implemented pursuant to the regulations found at 20 C.F.R. §§ 655.0-655.185. An agricultural employer in the United States may import H-2A workers if the United States Department of Labor ("U.S. DOL") certifies that (1) there are not enough U.S. workers to perform the job and (2) the employment of H-2A workers will not adversely affect the wages and working conditions of U.S. workers who are similarly employed. 8 U.S.C. § 1101(a)(15)(H)(ii)(a); 8 U.S.C. § 1188(a)(1).

20.     Employers must file a temporary labor certification application with the U.S. DOL's Employment and Training Administration. 20 C.F.R. § 655.130 (2010). The application has to include a job offer, known as a "job order," that complies with the requirements of 20 C.F.R. § 655.122. The job order contains the terms to be offered to both foreign H-2A workers and domestic workers throughout the United States. *See* 20 C.F.R. § 655.121(a)(2).

21.     The terms and conditions of the job orders, together with the requirements of 20 C.F.R. part 655, constituted employment contracts for Plaintiff, Opt-in Plaintiffs, and others similarly situated. 20 C.F.R. § 655.103(b) (definition of "work contract").

22.     The H-2A employment contracts at issue here incorporate a regulatory definition of employer found at 20 C.F.R. § 655.103(b) and contained the promise to "comply with applicable Federal, State and local law and regulations." 20 C.F.R. § 655.135(e).

23.     In 2016 and 2017, Defendant Future Ag submitted a job orders to the U.S. DOL. The 2017 job order is attached as Exhibit B to this complaint.

24.     The job orders were signed by Defendant Perez-Chavez.

25.     In the employment contracts, the Defendants promised that each worker would earn at least the AEWR [Adverse Effect Wage Rate], the prevailing hourly or piece rate wage, or the federal or state minimum wage, whichever is higher, for all hours worked in the payroll period. Exhibit B at *11, Addendum to the ETA 790 form ("Item 17: Wage Rates, Special Pay Information, and Deductions"). The employment contracts also promised that "Employer will comply w/applicable Federal, State, local laws pertaining to OT." Ex. B at 12.

26.     The employment contracts promised to pay the applicable AEWR, which was $11.89 in 2016 and $12.57 in 2017. 80 Fed. Reg. 79615 (Dec. 22, 2015); 81 Fed. Reg. 94422 (Dec. 23, 2016). Ex. B at 12.

27.     The employment contracts also state that the Defendant Future Ag will provide daily transportation to their H-2A workers between the employer-provided housing and the worksite at no cost to the worker, as required by 29 C.F.R. § 655.122(h)(3). Exhibit B at 4 (Item 19).

28.     Finally, by participating in the H-2A program and importing workers from abroad, the Defendants are bound to abide by the wage and payroll requirements, including those at 20 C.F.R. §§ 655.120(a), 655.122(a), 655.122(c), 655.122(j), 655.122(k), 655.122(l), and 655.103(b).

**ALLEGATIONS OF CLASS REPRESENTATIVE**

29.     Plaintiff was recruited in Las Jicamas, Valle de Santiago, Guanajuato, Mexico to work for Defendants by Defendant Future Ag's supervisors, David Campos and Miguel Martinez.

30.  In 2016, Defendants advertised a meeting for potential workers in Las Jicamas, Valle de Santiago, Guanajuato, Mexico.

31.  The meeting occurred in December of 2016 in the central square of Las Jicamas, a rural community in southern Guanajuato state in Mexico.

32.  The meeting was led by a supervisor of Defendant Future Ag, David Campos.

33.  Plaintiff Gomez-Gasca attended the meeting and signed up to work in California.

34.  Mr. Campos explained that the job was to work with labor contractor, Defendant Elias Perez, pursuant to the H-2A visa program.

35.  Approximately 80 persons attended the recruitment meeting.

36.  At the first meeting, Plaintiff and the other attendees who wished to go to California for work were instructed to attend a second meeting in Las Jicamas in approximately 15 days.

37.  At the second meeting, which Plaintiff also attended, in the central square of Las Jicamas, Defendant Future Ag's supervisors David Campos and Miguel Martinez were both present.

38.  Supervisors Campos and Martinez instructed Plaintiff and the others present on the documents that were necessary to proceed to work for Defendants as H-2A workers in California.

39.  The Supervisors told Plaintiff and others similarly situated that they would need to have a passport, a voter election card, and an official letter certifying that they did not have prior criminal convictions.

40.  Plaintiff and others similarly situated were required to obtain each of these documents, and make copies, at their own expense without reimbursement from Defendants.

41.  To obtain an official letter regarding the lack of criminal convictions, Plaintiff and others had to travel to the principal regional town, Valle de Santiago.  The cost of travel and the official letter combined was approximately 380 pesos.

42.  Similarly, to obtain a passport, Plaintiff and others similarly situated had to travel to either Leon, Guanajuato or Morelia, Michoacan at a cost in excess of 800 pesos roundtrip just for travel.

43.        The cost of a three year Mexican passport, the shortest obtainable, was in excess of 1000 pesos.

44.        Plaintiff was required to attend a third meeting to turn in copies of the documents requested.  Plaintiff turned in the requested documents to Defendants' supervisor, Miguel Martinez. There were approximately 80 workers present who also turned in documents.

45.        Subsequently, while in Las Jicamas, Valle de Santiago, Guanajuato, Mexico, Plaintiff received a phone call from Defendants' supervisor, David Campos, that Plaintiff was to attend an additional meeting to complete the visa application paperwork.

46.        Plaintiff had to travel to an adjoining rural community, San Jose Cuaracurio, at the Mexican home of supervisor David Campos.

47.        Plaintiff paid his own costs, as did others similarly situated, to travel to this meeting.

48.        Plaintiff and others similarly situated met with a woman known as Margarita who electronically completed visa paperwork and took Plaintiff's and others' passports. Margarita also distributed copies of the H-2A job order for Defendant Future Ag Management.

49.        Margarita explained the process of a consular interview that workers would have to attend to receive their H-2A visa. Margarita also explained the date, in May, for the consular interview, and that it would be at the U.S. Consulate in Hermosillo, Sonora, Mexico.

50.        Plaintiff and others similarly situated signed a visa application and a copy of the work contract with Margarita while in the community of San Jose Curacurio, near Moroleon, Mexico.

51.        Plaintiff and others similarly situated left their passports which they had been required to obtain with Margarita.  Plaintiff and others similarly situated later returned to the community of San Jose, again at their own expense, in March to pick up their passports.  When Plaintiff picked up his passport it was labeled and had a sticker on the back with the name of Defendants Future Ag and Perez-Chavez.

52.        In May, prior to the visa appointment date, Plaintiff and others heading to work for Defendants in California, met at the bus station in the community of San Jose.  Plaintiff again paid his own costs to travel to San Jose, near Moroleon, Mexico.

53.         Plaintiff and others similarly situated were required to pay for travel on a bus Defendants had chartered from a bus line known as "Elite."

54.         Plaintiff and others similarly situated paid in excess of 1,000 pesos each for this chartered travel to Hermosillo, Sonora, Mexico.

55.         Plaintiff and others similarly situated paid their own subsistence costs for their travel which totaled six days.  Plaintiff and others similarly situated also paid hotel costs for some of the nights they spent in Hermosillo, Sonora and at the border in San Luis Rio Colorado, Sonora, Mexico.

56.         Plaintiff and others similarly situated, were instructed by Miguel Martinez, to cross the border on foot.  Plaintiff and others similarly situated paid the required $6 cost of the I-94 form upon entering the U.S. at the San Luis port of entry.

57.         Plaintiff and others similarly situated then waited for transportation to arrive. Plaintiff traveled with others similarly situated in a vehicle driven by Defendants Future Ag's and Perez-Chavez's supervisor Rosalio "Chalino" Lopez.

58.         Plaintiff and others similarly situated paid their own subsistence costs on the travel from San Luis, Arizona to Salinas, California.

59.         The costs detailed above were necessary to Plaintiff and others similarly situated employment by Defendants and were not reimbursed by Defendants.

60.         Plaintiff's first work week with Defendants included just one day of work as Plaintiff and others similarly situated arrived on a Friday.

61.         Plaintiff's first week's earning were insufficient to even cover a portion of the costs Plaintiff had incurred to come work for Defendants.

62.         Defendant Future Ag used a Monday to Sunday weekly pay period.

63.         During the H-2A contract, Plaintiff worked a schedule that involved regular Monday through Saturday work.

64.         In addition, to the Monday through Saturday work, Defendant Perez-Chavez assigned work on most Sundays.

65.　　　　　Defendant Perez-Chavez compensated the Plaintiff and the others similarly situated for the Sunday work, by personal check paid at an hourly rate below the contractually promised AEWR and without the required overtime premium for seventh day work.

66.　　　　　Defendants Future Ag and Perez-Chavez provided no paystubs for work performed on Sundays and left the work off of the paystubs provided for Monday through Saturday work.

67.　　　　　During the time period of Plaintiff's employment, Defendants were investigated by the U.S. Department of Labor.

68.　　　　　Upon information and belief, Defendants Future Ag and Perez-Chavez concealed the improperly compensated Sunday work from the investigators of the U.S. Department of Labor by knowingly presenting payroll records that were altered and incomplete and by providing deceptive, false and incomplete statements concerning the work performed.

69.　　　　　Defendants Future Ag and Perez-Chavez prepared separate paystubs for Sunday work to obscure and hide from inspection that Plaintiff and others similarly situated were being denied federal and state mandated wage rates, including the required overtime premiums, for the work performed on Sundays.

70.　　　　　Because Defendants Future Ag and Perez-Chavez failed to record all hours worked, properly calculate overtime due, and pay their H-2A workers as required by law, the check stubs they provided to Plaintiff Gomez-Gasca and the other similarly situated H-2A workers were necessarily inadequate. The check stubs failed to include one day of work, and did not accurately reflect all hours of work or gross wages owed or net wages paid.

71.　　　　　At the conclusion of their employment contract, Plaintiff and others similarly situated were told by Defendant Perez-Chavez that it was not in his interest to pay their return travel.

72.　　　　　Plaintiff and others similarly-situated arranged van transportation at their own expense to the Mexican border.

73.　　　　　Plaintiff and others similarly-situated arranged their own travel within Mexico to return to their homes in Guanajuato state.

74.     Plaintiff and others similarly-situated paid their own subsistence expenses from Salinas, California to their homes in Mexico; a trip which was over two days in duration.

75.     Plaintiff's expenses to return exceeded $300 dollars.

76.     Plaintiff and others similarly situated incurred necessary return travel expenses to leave the U.S. and return to Mexico at the conclusion of the work. that were Defendant contractual obligation.

77.     The return travel expenses were Defendants Future Ag and Perez-Chavez's contractual obligation.

78.     Plaintiff and others similarly situated last week income was reduced below minimum wage by the unreimbursed travel expenses that were incurred for Defendants' benefit.

79.     Plaintiff and others similarly situated were housed by Defendants Future Ag and Perez-Chavez in housing Defendants selected in Salinas, California.

80.     Defendants Future Ag and Perez-Chavez, in consultation with Defendant Camarillo Berry, determined the work site locations for Plaintiff and others similarly situated to work.

81.     Plaintiff and others H-2A workers similarly situated were required to travel to and from the worksites in the vehicles operated by Defendant Future Ag.

82.     The housing location caused Plaintiff and others similarly situated to incur substantial travel times to and from the work sites, and waiting times for transportation to and from the work sites, in excess of one hour per day.

83.     Plaintiff and others similarly situated were not compensated for their travel and waiting time, nor was the amount of their travel and waiting time recorded by Defendants Future Ag and Perez-Chavez.

## CLIENT EMPLOYERS

84.     Defendant Camarillo Berry is a California corporation engaged in the business of strawberry production and sales.

85.     **Camarillo Berry as a client employer.** On information and belief, Defendant Camarillo Berry owns, leases or controls agricultural property in and around Monterey County, California.

86.     Defendant Camarillo Berry had a high degree of control over the land and strawberry cultivation and had its supervisor present, at times, to check and direct the work of Plaintiff and others similarly situated.

87.     Defendants Future Ag and Perez-Chavez were labor contractors for Defendant Camarillo Berry in that they supplied Defendant Camarillo Berry with workers as part of the usual course of business to provide agricultural labor in connection with the production of strawberries and/or other agricultural crops for Defendant Camarillo Berry.

88.     At all times relevant to Plaintiff's claims, Defendant Camarillo Berry had a workforce of at least 25 workers, including workers supplied by Defendants Future Ag and Perez-Chavez.

89.     Based on the arrangements between Defendants, Defendant Camarillo Berry was Plaintiff's client employer under California Labor Code § 2810.3 with respect to all hours worked in connection with production of strawberries or other crops for Defendant Camarillo Berry.   As such, Defendant Camarillo Berry is liable to Plaintiff and others similarly situated for all unpaid wages to the same extent as Defendants Future Ag and Perez-Chavez.

90.     **Defendant Camarillo Berry as a joint employer.**  Through the relationship described in paragraphs 86 through 89, Defendant Camarillo Berry had the power to control Plaintiff's work.  Defendant Camarillo Berry exercised this power, in part, by directing Plaintiff and others similarly situated as detailed in paragraph 17.

91.     The hand-harvesting work Plaintiff performed was an integral step in Defendant Camarillo Berry's overall business of producing and selling strawberries.

92.     Plaintiff and others similarly situated performed their work on land controlled by Defendant Camarillo Berry.

93.     The working relationship between Plaintiff and other similarly situated and Defendant Camarillo Berry was present throughout the duration of employment with Defendants Future Ag and Perez-Chavez.

94.     Defendant Camarillo Berry controlled the property upon which Plaintiff labored, and as a matter of economic reality, Plaintiff and others similarly situated were economically dependent on Defendant Camarillo Berry.

95.     For each action taken by Defendants Future Ag and Perez-Chavez in furtherance of their business arrangement with Defendant Camarillo Berry —including, *inter alia*, recruiting, hiring, supervising, housing, feeding, transporting, and paying H-2A and domestic workers, Defendants Future Ag and Perez-Chavez acted as agents of Defendant Camarillo Berry.

96.     Those actions not expressly authorized by Defendant Camarillo Berry were ratified by Defendant Camarillo Berry's acceptance of the Defendants Future Ag and Perez-Chavez continued supervision and recruitment of workers for Defendant Camarillo Berry.

**CLASS ACTION ALLEGATIONS**

97.     **Proposed Class.** Plaintiff GOMEZ-GASCA brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

  a.     All workers employed by Defendants at work sites in California pursuant to an H-2A job order.

98.     There is a well-defined community of interest in the litigation and the class is ascertainable:

  a.     Numerosity: The Plaintiff Class is numerous such that the individual joinder of all members is impractical.  While the exact number of class members is unknown to Plaintiff at this time, Plaintiff believes that the class consists of more than 80 individual employees. The names and addresses of the Class Members are available from Defendants. Notice can be provided to the Class Members via mail, Facebook, radio and postings using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

  b.     Typicality.   Plaintiff's claims are typical of the claims of each class he seeks to represent in that they arise from Defendants' failure to conform their wage and hour practices to the requirements of the Fair Labor Standards Act, the federal H-2A regulations, the employment contract, the California Labor Code and the applicable

California Wage Order, resulting in injury to Plaintiff and the other putative class members.

99.     **Common Questions Predominate**:  The questions raised by this Complaint are of common or general interest to the members of the Plaintiff Class, who have a well-defined community of interest in the questions of law and fact raised in this action.  Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the Class. The common questions of law and fact applicable to both classes include, but are not limited to:

    a.    Whether the Defendants failed to reimburse Plaintiff and others similarly situated for expenses incurred for the Defendants' benefit;

    b.    Whether Defendants' pay practices, including those of failing to record compensable travel and wait time and failing to record Sunday work, conform to the requirements of the California Labor Code, Wage Order 14,  the job order and the H-2A program regulations;

    c.    Whether the Defendants failed to pay the contractual wages promised in their job orders, violating the H-2A regulations and breaching the employment contract;

    d.    Whether the Defendants failed to record and compensate the Plaintiff Class for all hours of work, and thus, failing to pay them minimum wage as required by California Labor Code §§ 1182.11-1182.13, and 1197, and Wage Order 14;

    e.    Whether the Defendants failed to pay all members of the Plaintiff Class their full wages when due in violation of California Labor Code § 201;

    f.    Whether the Defendants failed to pay waiting time penalties for all members of the Plaintiff Class who quit, were discharged, or upon termination of the seasonal work during the H-2A contract period, as required by Cal. Labor Code § 203;

    g.    Whether, through the unlawful conduct herein alleged, the Defendants violated Cal. Business and Professions Code § 17200 et seq.;

    h.    Whether the Defendants are liable as joint employers for the actions perpetrated against the Plaintiff Class;

i. Whether Defendant Camarillo Berry is liable under Labor Code § 2810.3 for Plaintiff Class' unpaid wages to the same extent as Defendants Future Ag and Perez-Chavez;

j. What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and,

k. Other common questions of law and fact.

100. **Adequacy of Plaintiff as the Class Representative.** Plaintiff Gomez-Gasca can adequately and fairly represent the interests of the Plaintiff Class as defined above because his individual interests are consistent with, not antagonistic to, the interests of the class. Further, Plaintiff Gomez-Gasca has no actual or potential conflict with any member of the class.

101. **Adequacy of Counsel for the Class.** Counsel for Plaintiff possess the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

102. **Propriety of Class Action Mechanism.** Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members of each Class. Defendants have implemented a scheme that is generally applicable to the Plaintiff Class, making it appropriate to issue relief, including injunctive relief and corresponding declaratory relief with respect to the Plaintiff Class. In particular, the violations of law perpetrated against all Class Members in this case revolve around the application and interpretation of the H-2A Contract (the job order) that Defendants Future Ag and Perez-Chavez entered into in 2017. Similarly, the Defendants' liability as joint employers is based on actions taken with regard to the Plaintiff Class as a whole. The relationship between Defendant Camarillo Berry and the Plaintiff Class is also common to members of the class.

103. The Plaintiff Class has been injured and is entitled to recover from Defendants for wrongful conduct and injuries. Class treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Further, the prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudications that would establish

incompatible standards of conduct for Defendants. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF – FLSA MINIMUM WAGE

104.      This Count brought pursuant to 29 U.S.C. § 216(b) sets forth a claim by Plaintiff Gomez-Gasca and others similarly situated against Defendants for violation of the Fair Labor Standards Act's Minimum Wage provisions found at 29 U.S.C. § 206(a).

105.      Plaintiff and others similarly situated incorporate the allegations above made in paragraphs 29 to 61.

106.      As detailed above, Defendants failed to pay Plaintiff and the Opt-in Plaintiffs at least the required average minimum hourly wage for every compensable hour of labor performed in a workweek, as required by 29 U.S.C. § 206(a).

107.      The violations of the FLSA resulted, in part, from Defendants' failure to reimburse expenses as detailed in paragraphs 38 through 59 above, which Plaintiff and the Opt-in Plaintiffs incurred primarily for the benefit or convenience of Defendants prior to their first week of work or after their last week of work. When these expenses were subtracted from the Plaintiff's and Opt-in Plaintiffs' first week's pay and/or last week's pay, as required by law, their earnings fell well below the required average minimum hourly wage for that pay period.

108.      Defendants' violations set out in this Count were willful within the meaning of FLSA as Defendants had knowledge of their FLSA obligations, including being informed by the U.S. Department of Labor, and yet still failed to comply with their FLSA obligations.

109.      Pursuant to 29 U.S.C. § 216(b), as a result of Defendants' violations of the FLSA set forth in this Count, Plaintiff and the Opt-in Plaintiffs are entitled to recover the amount of their unpaid wages and an equal amount as liquidated damages for each workweek in which they were suffered or permitted to work at Defendants' operations and during which they earned less than the applicable minimum wage.

110.      Plaintiff and the Opt-in Plaintiffs also seek, and are entitled to, reasonable attorneys'

1    fees incurred by their counsel and costs of Court pursuant to 29 U.S.C. § 216(b).

2              SECOND CLAIM FOR RELIEF – CALIFORNIA MINIMUM WAGE

3    111.        Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that

4    Defendants' actions violated their rights and the rights of other similarly situated individuals to

5    receive the minimum wage required by California Law.

6    112.        As described above in paragraph 79 through 83, Defendants did not record portions

7    of Plaintiff and class members work day including compensable travel and waiting time.

8    113.        The hours, referenced above, were worked without additional payment.

9    Consequently, those hours were completely uncompensated in violation of California's minimum

10   wage laws.  Cal. Labor Code §§ 1182.11-1182.13, 1194, and 1197.

11   114.         As a result of Defendants' failure to comply with the aforementioned portions of the

12   California Labor Code and Wage Order 14, Plaintiff and members of the Plaintiff Class have been

13   deprived of wages due them in amounts to be proven at trial, and are also owed liquidated damages

14   for violations of their right to a minimum wage.

15   115.        Pursuant to Cal. Labor Code § 1194(a), Plaintiff seeks to recover the unpaid balance

16   for all uncompensated hours, and reasonable attorneys' fees and costs.  Pursuant to Cal. Labor §

17   1194.2, Plaintiffs also seek to recover liquidated damages.

18   116.        Pursuant to Cal. Lab. Code § 2810.3, Plaintiff and the Plaintiff Class are entitled to

19   recover from the Defendant Camarillo Berry for this Second Claim for Relief with respect to all

20   hours worked in connection with production of strawberries or other crops for Defendant Camarillo

21   Berry as further detailed in paragraphs 84 through 89.

22                              THIRD CLAIM FOR RELIEF

23   FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §

24                            1194 and WAGE ORDER 14

25   117.        Plaintiff incorporates the allegations in paragraphs 1 to 103.

26   118.        Plaintiff Gomez-Gasca brings this claim pursuant to California Labor Code § 1194

27   on behalf of himself and a class of other workers, pursuant to Federal Rule 23(b)(3), and alleges that

28   Defendants have violated California Industrial Welfare Commission Wage Order 14 by failing to

accurately record and pay overtime wages for work performed.

119.        Defendants failed to pay Plaintiff and the Plaintiff Class overtime wages in the amount of one and a half times the regular rate for all hours worked in each workday in excess of ten (10) hours, and failed to pay for the first eight (8) hours on the seventh day of work at the time and a half rate, and double regular rate of pay for all hours worked over eight on the seventh day of work in a workweek as required by California Labor Code § 1194 and Wage Order 14.

120.        Specifically, Defendants failed to accurately record and compensate their H-2A workers for all compensable hours, including mandatory transportation time, waiting time, and Sunday work time as detailed in paragraphs 64 through 69 and 79 through 83.

121.        As such, Plaintiff Gomez-Gasca and others similarly situated worked seventh day hours which Defendants Future Ag and Perez-Chavez failed to record along with Plaintiff and the class' unrecorded transportation and waiting time.

122.        Plaintiff and a class of others similarly situated did not receive premium pay for all overtime hours worked as detailed in paragraphs 64 through 83.

123.        As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiff Gomez-Gasca and the class have been deprived of overtime wages due and are entitled to recover their unpaid wages.

124.        Plaintiff Gomez-Gasca and the H-2A worker class seek the relief described below, including damages in the amount equal to unpaid overtime hours (at the premium rate), pre- and post-judgment interest and attorney's fees and costs pursuant to Cal. Labor Code § 1194.

125.        Pursuant to Cal. Lab. Code § 2810.3, Plaintiff and the Plaintiff Class are entitled to recover from the Defendant Camarillo Berry for their Third Claim for Relief with respect to all hours worked in connection with production of strawberries or other crops for Defendant Camarillo Berry as further detailed in paragraphs 84 through 89.

### FOURTH CLAIM FOR RELIEF - BREACH OF CONTRACT

126.        Plaintiff incorporates the allegations in paragraphs 1 to 103.

127.        This Count sets forth a claim against all Defendants.

128.        Pursuant to Rule 23(b)(3), Plaintiff Gomez-Gasca bring this claim on behalf of

himself and the class for Defendants Future Ag and Perez-Chavez's failure to pay the higher of the contractually promised wage rate, the prevailing wage, or the state or federal minimum wage, for all compensable hours worked under the terms of the H-2A order.

129.	Plaintiff and all similarly situated H-2A workers and domestic workers in corresponding employment entered into employment contracts for the work to be performed under the terms and conditions contained in the H-2A job order attached as Exhibit B.

130.	Plaintiff and others similarly situated were promised the higher of the contractual wage rate of $12.57 per hour, the prevailing wage or piece rate, or the state or federal minimum wage.

131.	Plaintiff and others similarly situated were contractually promised payment or reimbursement for their travel costs to the work site.

132.	Plaintiff and others similarly situated were contractually promised payment or reimbursement for their travel costs from the work site to the place from which the worker had come to work for Defendants.

133.	Plaintiff and similarly situated workers performed on their relevant employment contracts.

134.	Defendants Future Ag and Perez-Chavez failed to pay Plaintiff and others similarly situated for all compensable hours worked at the contractually promised wage rates.

135.	Defendants Future Ag and Perez-Chavez failed to pay Plaintiff and the class, in part, because the Defendants did not record or compensate for time in which Plaintiff and the class were transported in the Defendant Future Ag's bus system, or were otherwise engaged in pre or post-shift work as further detailed in paragraphs 64 through 83.

136.	The Defendants Future Ag and Perez-Chavez failed to correctly compensate Plaintiff and others similarly situated when they chose to pay them California's minimum wage in lieu of the contractually-promised AEWR for work performed on Sundays as detailed in paragraphs 64 through 71.

137.	Defendants Future Ag and Perez-Chavez failed to reimburse Plaintiff and others similarly situated for their travel and subsistence costs to come from Mexico to the work site in

California.

138.     Defendants Future Ag and Perez-Chavez failed to provide or reimburse Plaintiff and others similarly situated for their travel and subsistence costs to return to the place from which they had come to work for Defendants.

139.     As a direct and proximate result of this failure, Plaintiff and the Plaintiff Class have been deprived of contractual wages due based on the federally mandated wage rate, as discussed in paragraphs 25 through 28, and are entitled to recover the amounts due.

140.     Plaintiff and others similarly situated seek relief as described below, including damages in the amount of the unpaid contractual wages and reimbursements due to them.

141.     Pursuant to Cal. Lab. Code § 2810.3, Plaintiff and the class are entitled to recover all relief to which they are entitled from Defendants Future Ag and Perez-Chavez from Defendant Camarillo Berry with respect to all hours worked in connection with production of strawberries or other crops for Defendant Camarillo Berry as future detailed in paragraphs 84 through 89.

FIFTH CLAIM FOR RELIEF

FAILURE TO INDEMNIFY EMPLOYEES FOR WORK RELATED EXPENSES IN

VIOLATION OF CALIFORNIA LABOR CODE § 2802

142.     Plaintiff incorporates the allegations in paragraphs 1 to 103.

143.     This count sets forth a claim against Defendants Future Ag and Perez-Chavez.

144.     Pursuant to Federal Rule 23(b)(3), Plaintiff Gomez-Gasca brings this claim on behalf of himself and the class and alleges that the Defendants' actions violated his rights and the rights of other similarly situated individuals to receive reimbursement for work-related expenses under California Labor Code § 2802.

145.     The Defendants regularly paid Plaintiff Gomez-Gasca and similarly situated domestic workers the state minimum wage, a piece wage rate, or a contractual wage, all of which were less than twice the applicable state minimum wage.

146.     Defendants were required to indemnify Plaintiff and others similarly situated from all necessary expenditures in following the directions of Defendants.

147.     As stated in paragraphs 38 through 59, Plaintiff GOMEZ-GASCA and members of

1   the class purchased travel and identity documents which were necessary for Defendants'

2   participation in the H-2A visa program.

3   148.          Similarly, Plaintiff Gomez-Gasca and member of the class had to pay return travel

4   expenses, as detailed in paragraphs 71 through 76, which were Defendants Future Ag's and Perez-

5   Chavez's contractual and legal obligation as part of their participation in the H-2A program.

6   149.          Plaintiff GOMEZ-GASCA and similarly situated workers were never reimbursed for

7   these expenses.

8   150.          Because of the Defendants Future Ag and Perez-Chavez's conduct, Plaintiff

9   GOMEZ-GASCA and members of the class have suffered financial losses.

10  151.          Plaintiff GOMEZ-GASCA and members of the class seek from Defendants Future

11  Ag and Perez-Chavez reimbursement of all expenses incurred in the performance of their work

12  duties, reasonable attorneys' fees and costs pursuant to Cal. Labor Code § 2802, as well as

13  appropriate declaratory and injunctive relief.

14                              SIXTH CLAIM FOR RELIEF

15  WAITING TIME PENALTIES FOR FAILURE TO TIMELY PAY ALL WAGES DUE IN

16                      VIOLATION OF LABOR CODE §§ 201-203

17  152.          Plaintiff incorporates the allegations in paragraphs 1 to 103.

18  153.          This count sets forth a claim against all Defendants.

19  154.          Pursuant to Cal. Labor Code § 203, Plaintiff GOMEZ-GASCA bring this claim on

20  behalf of himself and the class, pursuant to Rule 23(b)(3), for all Defendants' failure to pay all

21  outstanding wages due upon separation from employment.

22  155.          When seasonal employment comes to an end, California law requires an employer

23  immediately pay all wages owed which in no event can be a period greater than 72 hours.  Cal.

24  Labor Code § 201.

25  156.          Where an employer fails to comply with Cal. Labor Code §§ 201, the affected

26  employee is entitled to receive a penalty in the amount of one day's wages for every day that their

27  employer willfully denies this final payment of wages, up to a maximum of 30 days.  Cal. Labor

28  Code § 203.

157.    The Defendants did not pay Plaintiff or similarly situated class members all their wages owed, including payment for all hours worked, overtime premium pay, or their contractually promised wages.

158.    Plaintiff GOMEZ-GASCA and others similarly situated did not receive these wages in their last paycheck upon the seasonal end of their employment with the Defendants.

159.    By failing to compensate Plaintiff GOMEZ-GASCA, and similarly situated members of the Plaintiff Class who have quit, been discharged, or ceased to have seasonal employment during the relevant statutory period as required by the California Labor Code and the applicable wage order, Defendants Future Ag and Perez-Chavez have willfully failed to make timely payment of the full wages due to their former employees in violation of Cal. Labor Code § 201.

160.    Pursuant to Cal. Labor Code § 203, Plaintiff and members of the Plaintiff Class who have quit, been discharged, or seasonally ceased to have employment with the Defendant Future Ag and Perez-Chavez during the relevant statutory period are entitled to waiting time penalties of up to 30 days' wages per person.

161.    Pursuant to Cal. Lab. Code § 2810.3, Plaintiff is entitled to recover all relief to which they are entitled for this Sixth Claim for Relief from Defendant Camarillo Berry with respect to all hours worked in connection with production of strawberries or other crops for Defendant Camarillo Berry as future detailed in paragraphs 84 through 89.

SEVENTH CLAIM FOR RELIEF

UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES, VIOLATION OF UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200-17208

162.    Plaintiff incorporates the allegations in paragraphs 1 to 103.

163.    This count sets forth a claim against Defendants Future Ag and Perez-Chavez.

164.    Pursuant to Rule 23(b)(3), Plaintiff GOMEZ-GASCA bring this claim on behalf of himself and the Plaintiff Class, alleging that Defendants Future Ag and Perez-Chavez have acted contrary to public policy, violated specific provisions of the California Labor Code, and engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200, et seq., depriving Plaintiff, and all persons similarly situated, of rights, benefits, and

privileges guaranteed under law.

165.     Defendants Future Ag and Chavez-Perez failed to record daily hours worked by Plaintiff and others similarly situated violating the record keeping requirements of California Lab. Code § 1174(d).

166.     Defendants Future Ag and Chavez-Perez failed to compensate employees for all their hours worked, in violation of Cal. Labor Code §§1182.12, 1194, 1197, and the applicable provisions of Wage Order 14-2001.

167.      Defendants Future Ag and Chavez-Perez failed to pay overtime premiums by excluding Sunday work and compensable travel time from Plaintiff and others similarly situated pay records and failed to compensate fully for work performed in excess of ten (10) hours per work day, or sixty (60) per work week, contrary to the applicable provisions of Cal. Labor Code § 1198 and Wage Order 14.

168.     Defendants Future Ag and Perez-Chavez failed to pay the contractually promised wage rate for all hours worked under the relevant job order.

169.     Defendants Future Ag and Perez-Chavez failed to provide or reimburse all necessary work-related expenses incurred, in violation of California Labor Code § 2802 and the applicable employment contracts (job orders).

170.     Defendants Future Ag and Perez-Chavez failed to provide accurate itemized wage statements as required by both California Labor Code § 226(a), the H-2A contract and H-2A regulations at 20 C.F.R. § 655.122(k) and Defendants Future Ag and Perez-Chavez failed to maintain complete and accurate itemized wage statements as required by California Labor Code § 226, the H-2A contract, and the H-2A regulations at 20 C.F.R. § 655.122(j).

171.     Defendants Future Ag and Perez-Chavez failed to pay full wages when due as required by California Labor Code § 201, the H-2A contract, and the H-2A regulations at 20 C.F.R. § 655.122(l).

172.     Defendants Future Ag and Perez-Chavez conduct, as detailed above, have injured Plaintiff and the class by depriving them of their rights as workers and by causing them and each member of the class economic harm through deprivation of wages and other monies owed to them

as Defendants' employees.

173.     Defendants Future Ag and Perez-Chavez, by engaging in the unfair business practices discussed above, have received and retained funds that rightfully belong to Plaintiff and those similarly situated. These unlawfully obtained monies have allowed the Defendants Future Ag and Perez-Chavez to generate more profits through their labor contracting, ultimately resulting in unjust enrichment.

174.     These funds unlawfully obtained by Defendants Future Ag and Perez-Chavez constitute an unfair advantage over legitimate business competitors in the ag labor market.  This advantage was gained at the expense of the employees and the public at large.

175.     Through this claim, Plaintiff on behalf of himself and the class seeks all relief as may be necessary to restore Defendants Future Ag and Perez-Chavez's ill-gotten gains to all employees who were adversely affected by these unfair and unlawful business practices.

176.     Plaintiff requests that the Court issue an Order requiring the Defendants Future Ag and Perez-Chavez to pay lawful wages to prevent this anti-competitive behavior in the future and requiring restitution.

177.     In addition, because Plaintiff is enforcing important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5, they seek payment of attorney's fees and costs associated with this suit.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendants as follows:

(a) That the Court assume supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367;

(b) That the Court certify the class defined herein;

(c) For an order appointing Plaintiff as class representative, and Plaintiff's counsel as class counsel;

(d) Under the First Claim for Relief:

1.     Declare that this action may be maintained as a FLSA collective action pursuant to 29 U.S.C. § 216(b) and others similarly situated to opt-in to this action;

2.   Grant judgment against Defendants, jointly and severally, and in favor of Plaintiff Gomez-Gasca and Opt-In Plaintiff in the amount of his or her respective unpaid wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b); and

3.   Award Plaintiff his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

(e)  Under the Second Claim for Relief:

1.   Grant judgment against all Defendants and in favor of Plaintiff and both classes of similarly situated workers for violations of California Labor Code §§ 1182.11-1182.13, and 1197 such that:

    a.   Plaintiff receive the full unpaid balance of their wages owed.  In addition, grant Plaintiff and the Plaintiff Class liquidated damages in the amount of their minimum wage loss for the violation of their right to minimum wage pursuant to Cal. Labor Code §§ 1194, 1194.2 and 1197.

    b.   Plaintiff receive appropriate injunctive relief, including an order requiring Defendants to comply with California's minimum wage requirements.

2.   Find that Defendant Camarillo Berry is liable as a client-employer under California Labor Code § 2810.3; and

3.   Award Plaintiff attorneys' fees and costs pursuant to California Labor Code § 1194(a).

(f)  Under the Third Claim for Relief:

1.   Grant judgment against all Defendants and in favor of Plaintiff Gomez-Gasca, as well as all similarly situated workers in the H-2A class for violations of California Labor Code §§ 510, 1198 and Wage Order 14 such that:

    a.   Plaintiff receives wages for their unpaid hours of work and the overtime premiums that they are entitled to.

    b.   Plaintiff receive appropriate injunctive relief, including an order requiring Defendants to comply with California's overtime laws.

2.  Award Plaintiff's attorneys' fees and costs pursuant to California Labor Code § 1194(a).

(g) Under the Fourth Claim for Relief:

1.  Grant judgment against all Defendants and in favor of Plaintiff and all similarly situated workers for violation of the applicable contracts, including the contract attached hereto as Exhibit B, and order that each Plaintiff Class member receive the wages they were entitled under said contracts for each hour they worked; and

2.  Find that Defendant Camarillo Berry is liable as a client-employer under California Labor Code § 2810.3 for the unpaid contractual wages due.

(h) Under the Fifth Claim for Relief:

1.  Grant judgment against Defendants Future Ag and Perez-Chavez and in favor of Plaintiff Gomez-Gasca and all similarly situated individuals for violations of Cal. Labor Code § 2802 such that:

    a.  Plaintiff and members of the putative Plaintiff Class receive restitution for all monies spent on work-related expenses in the four years prior to this action.

    b.  Plaintiff receive appropriate injunctive relief, including an order requiring Defendants to correctly provide or reimburse workers for all travel and immigration expenses required by Defendants' participation in the H-2A visa program.

(i) Under the Sixth Claim for Relief:

1.  Grant judgment against all Defendants and in favor of Plaintiff and all similarly situated workers for violations of California Labor Code § 201.

2.  Award damages pursuant to California Labor Code § 203 in the amount of one day's wages, up to a maximum of 30 day's wages, per employee who was terminated or left their employment with Defendants without timely receiving all outstanding wages due to them.

3.  Find that Defendant Camarillo Berry is liable as a client employer pursuant to California Labor Code § 2810.3.

4. Grant appropriate injunctive relief, including an order requiring Defendants to comply with the requirement to timely pay all wages owing within the time periods set by Cal. Labor Code § 201 at the end of a worker's employment.

(j) Under the Seventh Claim for Relief:

1. Grant judgment against Defendants Future Ag and Perez-Chavez and in favor of Plaintiff and all similarly situated workers for violations of Cal. Business and Professions Code § 17200 such that:

   a. Plaintiff and each Plaintiff Class member receive all wages that they were unlawfully deprived of due to Defendants' unfair business practices;

2. Award attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, as the Plaintiff is enforcing an important right affecting the public interest.

(k) Award Plaintiff pre- and post-judgment interest as allowed by law, including as allowed by Cal. Civil Code §§ 3287(a) and 3289(b) and Cal. Labor Code §§ 218.6 and 1194, and/or any other applicable provision providing for interest;

(l) Grant declaratory relief as appropriate;

(m) Cast all costs upon Defendants; and

(n) Award Plaintiff and the Plaintiff Class such further relief, at law or in equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims for relief with respect to which he has a right to jury trial.

DATED: May 1, 2019

_s/ D. Morton_
DAWSON MORTON
ATTORNEY FOR PLAINTIFF

COMPLAINT