1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**MOISES GOMEZ-GASCA**, and others similarly situated,

Plaintiff,

v.

**FUTURE AG MANAGEMENT, INC., ELIAS PEREZ CHAVEZ, CAMARILLO BERRY FARMS, L.P., FUTURE HARVESTERS AND PACKERS, INC.,** and **BLAZER WILKINSON, L.P.**,

Defendants.

CASE NO. **19-CV-2359-YGR**

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**

Dkt. Nos. 51, 56

On February 25, 2020, the Court held a hearing on the motion of plaintiff Moises Gomez-Gasca, unopposed by defendants Future Ag Management, Inc., Elias Perez Chavez, Future Harvesters and Packers, Inc. (the "Future Ag Defendants"), and Camarillo Berry Farms LP and Blazer Wilkinson LP (the "Camarillo Defendants") for conditional class certification; preliminary approval of the parties' proposed settlement; approval of the class notice packet; appointing class representative, class counsel and the proposed settlement administrator; and setting a date for the hearing on final approval of the settlement. (Dkt. No. 51.)  Based upon questions raised by the Court at the hearing, plaintiff filed a revised motion for preliminary approval (Dkt. No. 56), as well as translated versions of the proposed notices (Dkt. No. 58).

Having carefully considered the motion and supplemental motion, all papers filed in support thereof, the arguments of counsel, and for the reasons set forth herein, the Court **GRANTS** the parties' motion.

### 1. Class Definition and Basis for Conditional Certification

The proposed class is defined as follows:

all individuals employed by Future Ag Management Inc. pursuant to Job Order Number CA-15279712, under the terms of an H-2A visa, for the period of employment from May 15, 2017 through November 15, 2017 ("the Class")

The proposed class is conditionally certified pursuant to Rule 23(c).  The Court finds that, for purposes of settlement, plaintiff has satisfied the requirements of Rule 23(a) as well as the requirements for certification under Rule 23(b)(3), including that:

(a) the Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Class;

(c) the claims or defenses of the representative parties are typical of the claims or defenses of the Class; and

(d) the representative parties and class counsel have fairly and adequately represented the interests of the Class.

(e) there are questions of law and fact common to the Class which predominate over individual issues;

(f) a settlement class resolution is superior to individual settlements.

**2. Class Representatives and Class Counsel**

Plaintiff Moises Gomez-Gasca is appointed the Class Representative.  Dawson Morton and Santos Gomez of Law Offices of Santos Gomez are appointed Class Counsel.

**3. Settlement Agreement**

The settlement agreement, a copy of which is attached hereto as **Exhibit A** ("Settlement Agreement"), is granted preliminary approval pursuant to Rule 23(e)(2).  Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations.  The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreements required to be identified under Rule 23(e)(3), of which the parties have identified none other than the Settlement Agreement here.

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

Defendants will pay the Gross Settlement Amount of $355,000 on a non-reversionary basis (unless the number of class members exceeds 100 in which case the Parties shall meet and confer regarding the scope and inclusion of the additional Settlement Class Members and the need to increase the overall settlement fund). Class members are not required to submit claims to receive settlement benefits. Defendants shall pay the employer's share of payroll taxes on the portion of settlement benefits allocated to wages separately from the Gross Settlement Amount.

**4. Plan of Allocation**

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices. After all required deductions are made from the Gross Settlement Amount, the Net Settlement Amount of approximately $213,500 will be distributed to class members. Each class member who does not opt-out of the Settlement will receive his/her pro rata share of the Net Settlement Amount based on the number of workweeks he/she performed work during the Class Period in Job Order Number CA-15279712, as a proportion of all such workweeks of the Settlement Class Members during Class Period. No Settlement Class Member shall receive a Payment of less than fifty dollars ($50).

**5. Notice Plan**

The parties' proposed notice plan appears to be constitutionally sound in that plaintiff has made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement. The parties have agreed to send the Notice of Proposed Class Action Settlement to class members by first class mail, and to contact class members by electronic messaging, sending an abbreviated version of the Notice of Proposed Class Action Settlement and a link to the full notice on the class settlement website (www.litigiofuturo.com).

The Court approves form of the Notice of Proposed Class Action Settlement attached as **Exhibit B[1]** to this Order, and the "Your Estimated Settlement Payment" notice attached as **Exhibit C** to this Order.  The notices are also being translated into Spanish, as indicated in plaintiff's supplemental filing.  (Dkt. No. 58.)  Taken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing.  The notice plan is therefore **APPROVED**.

### 6. Settlement Administrator

Atticus Administration, LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.  Total settlement administration costs are estimated to not exceed $10,000.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than **May 25, 2020** ("Notice Date").  A declaration from the Settlement Administrator demonstrating distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

Defendant Future Ag Management is directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than **May 4, 2020**.

### 7. Exclusion/Opt-Out

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator postmarked or sent no later than **September 22, 2020**.  Requests for exclusion must be in writing and set forth the name and address of the person who wishes to be excluded and must be signed by the class member seeking exclusion.

No later than **October 6, 2020**, Class Counsel shall file with the Court a list of all persons

United States District Court
Northern District of California

---

[1] Counsel and the Class Administrator are instructed to format the notice so that the entire "Options" box appears on the first page of the Notice.

or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.  Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

**8. Objections**

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, postmarked and/or filed with the Court no later than **September 22, 2020**.  Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

**9.  Attorneys' Fees and Class Representative Awards**

Plaintiff will apply for an award of attorney's fees of up to $106,500 (30% of the Gross Settlement Amount) and an award of litigation costs up to $15,000, plus a class representative award to plaintiff of $10,000.  Plaintiff and his counsel shall file their motion for attorneys' fees and for Class Representative awards no later than **July 21, 2020.**  Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than **September 22, 2020**, as stated in paragraph 8 above.  Plaintiffs shall file a reply brief responding to any timely objection no later than **October 6, 2020**.

**10.  Fairness and Final Approval Hearing**

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than **July 21, 2020**.

The Court will conduct a Fairness and Final Approval Hearing on Tuesday, **October 20, 2020**, at 2:00 p.m., to determine whether the Settlement Agreement should be granted final

approval as fair, reasonable, and adequate as to the Class. The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards. Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than **September 22, 2020**.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**11. Post-Distribution Accounting**

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing. Counsel should prepare accordingly.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | May 4, 2020 |
| Class Notice to be distributed by | May 25, 2020 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | July 21, 2020 |
| Motion for Final Approval to be filed by | July 21, 2020 |
| Last date to submit challenge to Settlement Administrator or Class Counsel about calculation of settlement payment. | August 25, 2020 |
| Postmark deadline to submit objection or request for exclusion | September 22, 2020 |
| Class counsel and settlement administrator to submit supplemental statements regarding notice, objections, opt-outs | October 6, 2020 |
| Fairness and Final Approval Hearing<br>NOTE: Subject to change without further notice to the Class. | October 20, 2020 |

IT IS SO ORDERED.

Dated:  April 21, 2020

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California

EXHIBIT A

Dawson Morton, Esq. SBN: 320811
Santos Gomez, Esq. SBN 72741
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Telephone:  (831) 228-1560
Facsimile:  (831) 228-1542
Email:  dawson@lawofficesofsantosgomez.com
        santos@lawofficesofsantosgomez.com

Attorneys for Plaintiff Moises Gomez-Gasca


Michael C. Saqui, Esq., SBN: 147853
Jennifer M. Schermerhorn, Esq., SBN: 225070
Rebecca A. Hause-Schultz, Esq., SBN: 292252
**DOWLING AARON INCORPORATED**
1410 Rocky Ridge Drive, Suite 330
Roseville, California 95661
Telephone:  (916) 782-8555
Facsimile:   (916) 782-8565
Email:  jschermerhorn@laborcounselors.com
        rhause-schultz@laborcounselors.com

Attorneys for Defendants: Camarillo Berry Farms, LP and Blazer Wilkinson LP

Terrence O'Connor, Esq., SBN: 88004
Anna C. Toledo, Esq., SBN:  246636
NOLAND HAMERLY ETIENNE HOSS
333 Salinas Street
P. O. Box 2510
Salinas, California 93902-2510
Telephone:  (831) 424-1414
Facsimile:  (831) 424-1975
Email: toconnor@nheh.com
       atoledo@nheh.com

Attorneys for Defendants: Future Ag Management, Inc., Elias Perez Chavez, and
Future Harvesters and Packers, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| MOISES GOMEZ-GASCA, and others similarly situated , | Case No.: 19-CV-02359-YGR |
| Plaintiffs, | **CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS** |
| vs. | Judge: Honorable Yvonne Gonzalez Rogers |
| FUTURE AG MANAGEMENT INC., ELIAS PEREZ CHAVEZ, and CAMARILLO BERRY FARMS, LLC., | Conference Hearing: February 24, 2020 Jury Trial: December 7, 2020 |
| Defendants. | |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and  between Moises Gomez-Gasca individually and with respect to claims brought by him on  behalf of others similarly situated ("Plaintiff"), and Future Ag Management, Inc., Elias Perez Chavez, Future Harvesters and Packers, Inc. (collectively the "Future Ag Defendants"), and Camarillo Berry Farms LP and Blazer Wilkinson LP (collectively the "Camarillo Defendants").   As used here, "Defendants" refers to all defendants collectively,  and "Parties" refers to Plaintiff and Defendants, collectively.

1.    **RECITALS**

This  Agreement  is  entered  into  based  upon  the  following  facts  and circumstances:

1.1    On May 1, 2019, Moises Gomez-Gasca ("Named Plaintiff") filed a lawsuit,  assigned  case  number  4:19-cv-2359-YGR,  on  behalf  of  himself  and  on behalf  of  similarly  situated  employees  for  alleged  violations  of  (1)  Fair  Labor Standards Act (FLSA) minimum wage, (2) California minimum wage, (3) California

overtime premiums, (4) breach of contract, (5) indemnification for work related expenses, (6) waiting time penalties, and (7) unlawful and unfair business practices. In the Complaint, Plaintiff named Future Ag Management, Inc. as the farm labor contractor that directly employed Plaintiff and the similarly situated employees, Elias Perez-Chavez as the operator of and individual personally financially involved in Future Ag Management, and Camarillo Berry Farms LP as the joint employers and/or client employers pursuant to Cal. Lab. Code § 2810.3.

1.2 Plaintiff was subsequently granted leave to amend and filed his First Amended Complaint on October 10, 2019. In his First Amended Complaint, Plaintiff named two additional defendants Future Harvesters and Packers Inc. as the alleged partner company of Future Ag Management Inc., and Blazer Wilkinson as an alleged partner company of Camarillo Berry Farms LP.

1.3 The Parties have engaged in written discovery and the production of documents including payroll records, time cards and invoices. Plaintiff and Defendants have analyzed those records  and performed additional informal investigation of the claims and assessed the strengths and  weaknesses of factual and legal bases for the claims and defenses thereto.

1.4 On November 19, 2019, the Parties engaged in arms-length negotiations during a mediation before Honorable Bonnie Sabraw. During mediation the Parties exchanged information to assist in determining a realistic settlement range. With the mediator's assistance, the Parties reached agreement on all claims raised in the operative Complaint.

1.5 The Parties have agreed to resolve this matter on the terms set forth herein, subject to preliminary and final approval of the Agreement by the Court. In the event that the Agreement is not approved by the Court, the Agreement shall be of no force or  effect.  In such event, nothing in the Agreement shall be used by or construed against any Party,  and the Parties reserve their respective rights as to all claims and defenses thereto.

1    1.6    The Parties agree that the filing of the Agreement is for settlement
2  purposes only and if, for any reason, the settlement is not approved, the Agreement
3  will be of no force or effect.  In such event, nothing in the Agreement shall be used
4  or construed by or against any Party as a determination, admission, or concession of
5  any issue of law or fact in the Action; and the Parties do not waive, and instead
6  expressly reserve, their respective rights with respect to the prosecution and defense
7  of the Action as if the Agreement never existed.

8  2.    **DEFINITIONS**

9    As used in the Agreement, the terms below are defined as follows:

10    2.1    "Action" means the civil action pending in the United States District Court, Northern
11  District of California, San Jose Division, titled *Moises Gomez-Gasca v. Future Ag*
12  *Management, Inc. et al*, case number 4:19-cv-02359-YGR.

13    2.2    "Class Counsel" or "Plaintiff's Counsel" means the attorneys of record
14  for Plaintiff and aggrieved  employees as listed below:

15    Dawson Morton (Cal. SBN 320811)

16    Santos Gomez (Cal. SBN 172741)

17    Law Offices of Santos Gomez

18    1003 Freedom Boulevard

19    Watsonville, CA 95076

20    Phone: (831) 228-1560

21    dawson@lawofficesofsantosgomez.com

22    santos@lawofficesofsantosgomez.com

23    2.3    "Class Representative" or "Plaintiff" mean Moises Gomez-Gasca.

24    2.4    "Court" means the District Court for the Northern District of California,
25  San Jose Division, in which this Action was commenced and is pending.

26    2.5    "Defendants" means the Future Ag Defendants (Future Ag
27  Management, Inc., Elias Perez Chavez and Future Harvesters and Packers, Inc.) and
28  Camarillo Defendants (Camarillo Berry Farms LP and Blazer Wilkinson).

2.6    "Effective Date" means the date by which <u>all</u> of the following have occurred: (1) Granting of final approval of the Agreement by the Court with Entry of Judgment by the Court if there are no objections; (2) If there are objections, expiration of the time for the filing or noticing of any appeal from the Judgment; and (3) If a writ or appeal from that Judgment is filed and then ultimately denied or dismissed, the date the Ninth Circuit Court of Appeals or the United States Supreme Court has rendered a final judgement on the writ or appeal affirming the Court's final approval of the Settlement without material modification.

2.7    "Gross Settlement Amount" means the amount of three hundred fifty five thousand dollars ($355,000.00) to be paid by Defendants pursuant to this Agreement, as allocated in section 3.2 and 3.3 below.  The following payments will be made from the Gross Settlement Amount: (1) the cost of settlement administration; (2) the amount of attorney's fees and litigation costs awarded to Class Counsel; (3) the amount of Service Payment awarded to Plaintiff; and (4) settlement benefits to Settlement Class Members who do not exclude themselves from the Agreement.  The Gross Settlement Amount does not include payments for Defendants' share of payroll taxes, to be paid entirely by Future Ag Defendants, on the portion of settlement benefits allocated to wages.

2.8    "Net Settlement Amount" is defined in Section 3.11 below.

2.9    "Notice Packet" means the "Notice of Proposed Class Action Settlement and Hearing" and the "Estimated Individual Settlement Allocation Form" further described in Section 5.2 below that will be sent out by the Settlement Administrator to the Settlement Class Members.

2.10    "Parties" means the Plaintiff and Defendants.

2.11    "Release Period" means the period from May 15, 2017 through November 15, 2017.

2.12    "Settlement" or "Agreement" means this Joint Class Action Settlement and Release of Claims.

2.13 "Settlement Administrator" means Atticus Administration, LLC. The Settlement Administrator will be responsible for the administration of the settlement fund, as defined in Section 3, and all related matters, and whose duties shall include, but may not be limited to: giving notice of the settlement to the Settlement Class Members; calculating and paying the amounts due to Settlement Class Members, Plaintiff, and Class Counsel under the Agreement; providing settlement payments inclusive of IRS forms W-2s and 1099s if required by law; certification of completion of notice and payment processes to the Court; and establishing and administering a Qualified Settlement Fund ("QSF") account to hold and distribute the Fund, as described in Section 3 below. Interest accruing to that account between the time of payment(s) required by Section 3 below and the time funds are distributed shall be added to the Net Settlement Fund.

2.14 "Settlement Class," "Settlement Class Members" or "Class Members" means all individuals employed by Future Ag Management Inc. pursuant to Job Order Number CA-15279712, under the terms of an H-2A visa, for the period of employment from May 15, 2017 through November 15, 2017. The total number of Settlement Class Members is estimated to be eighty-eight (88) employees. However, the Parties understand and agree that there may be fluctuation in the final number due to varying circumstances. Should the final number of Settlement Class Members exceed one hundred (100) employees, the Parties shall meet and confer regarding the scope and inclusion of the additional Settlement Class Members and the need to increase the overall settlement fun.

3.    **TERMS OF SETTLEMENT**

3.1    **Settlement Fund.**    The claims of Plaintiff and Settlement Class Members are settled and in consideration, Defendants shall pay a total gross settlement amount of three hundred and fifty-five thousand dollars ($355,000.00) (hereinafter "the Fund.").

3.2 **Payment by the Camarillo Defendants.** The Camarillo Defendants shall pay a gross settlement amount of one hundred and seventy-five thousand dollars ($175,000.00), inclusive of payments to Named Plaintiff, the Class fees, litigation costs, third party administration, and expenses (hereinafter "Camarillo Fund"). The Camarillo Defendants shall pay the Camarillo Fund within twenty (20) days of Final Approval.

3.3 **Payment by the Future Ag Defendants.** The Future Ag Defendants shall pay a gross settlement amount of one hundred and eighty thousand dollars ($180,000.00), inclusive of payments to Named Plaintiff, the Class fees, litigation costs, third party administration, and expenses (hereinafter "Future Ag Fund"). The Future Ag Defendants shall pay ninety thousand dollars ($90,000.00) of the Future Ag Fund due within twenty (20) days of Final Approval and the remaining ninety thousand dollars ($90,000.00) of the Future Ag Fund due on or before December 1, 2020.

3.4 Defendants or any of their successors may elect to pay any part or all of the payments before they are due.

3.5 **Settlement Fund Account.** The Settlement Administrator shall establish and administer an account to hold and distribute the Settlement Fund. Interest accruing to that account between the time of payment and the time the funds are distributed shall be added to the Net Settlement Fund.

3.6 **Non-Reversionary Fund.** The Agreement is completely non-reversionary and the entire Fund, after deductions for attorneys' fees and litigation costs, administrative expenses, the service payment to the Plaintiff, and payroll tax payments on the payments to the Settlement Class Members (if any), shall be distributed pro rata to the Settlement Class Members, including Plaintiff, who do not exclude themselves from the settlement. In the event that there are funds remaining from the Fund, such funds shall be paid to the Food Bank of Monterey County as the designated *cy pres* beneficiary.

3.7    **Payment of Attorneys' Fees and Costs.** Plaintiff's Counsel will request, and Defendants and their counsel will not oppose, an award of up to one hundred six thousand five hundred dollars ($106,500 or 30%) of the Fund as an all-inclusive award of attorneys' fees, and an award for a reasonable amount of out-of-pocket costs and expenses, such costs and expenses not to exceed fifteen thousand dollars ($15,000).

3.8    Plaintiff's Counsel will be issued a Form 1099 by the Settlement Administrator for their award of attorneys' fees, costs, and expenses.  In the event the Court does not award the above amounts in full, the difference will be included in the Net Settlement Amount to be distributed to the Settlement Class Members. Plaintiff's Counsel shall be paid for their actual costs and expenses, and attorney's fees approved by the court, at the same time that the Settlement Administrator issues payments to the Settlement Class Members.

3.9    **Payments to Settlement Administrator.** The Settlement Administrator shall pay from the Fund fifty percent (50%) of the payment due to itself for its actual costs and expenses (estimated at no more than $10,000) no earlier than 7 days after it receives the Camarillo Fund payment and the initial Future Ag Fund payment and the remaining fifty percent (50%) of the payment at the same time that the Settlement Administrator issues payments to the Settlement Class Members.

3.10   **Service Payment to Plaintiff Moises Gomez-Gasca.**   Defendants shall not oppose Plaintiff's request to the Court for an award of up to ten thousand dollars ($10,000) for his service as the Class Representative (the "Service Payment") in addition to any payment he may otherwise receive as a Settlement Class Member.  The Settlement Administrator will issue the Service Payment to the Plaintiff no earlier than 7 days after it receives the Camarillo Fund payment and the initial Future Ag Fund payment.  The Settlement Administrator will issue Plaintiff a form 1099 for his Service Payment.

3.11 **Net Settlement Amount.** "Net Settlement Amount" shall be the Fund minus the following: (1) the award of attorneys' fees and costs to Class Counsel approved by the Court, as set forth in Section 3.7; (2) the Service Payment to the Class Representative as set forth in Section 3.10; (3) the payment to the Settlement Administrator (estimated at no more than $10,000) as set forth in Section 3.9; and (4) payroll tax payments on the payments to the Settlement Class Members (if any are required by state or federal law).

3.12 **Individual Settlement Allocation.** Each Settlement Class member who does not exclude himself or herself from the Agreement shall receive his or her pro-rata share of Net Settlement Amount. To determine each Settlement Class Member's Individual Settlement Allocation, the percentage of the Net Settlement Amount attributed to the Settlement Class shall be allocated among and paid to the Settlement Class Members based on the number of workweeks they performed work during the Class Period in Job Order Number CA-15279712, as a proportion of all such workweeks of the Settlement Class Members during Class Period. No Settlement Class Member shall receive a Payment of less than fifty dollars ($50).

3.13 The Named Plaintiff and each of the Participating Settlement Class Members' Individual Settlement Allocations shall be treated as non-taxable payments of reimbursements, interest and penalties or allocated between taxable and non-taxable items, as follows: fifty percent (50%) are wages earned as an H2A worker and are therefore excluded from payroll tax withholding, including the employee's portion of FICA, FUTA, SDI, and any other mandated taxes withholding, for which each Participating Settlement Class Member shall be issued a Form W-2 by the Settlement Administrator; twenty five percent (25%) are interest, and penalties, not subject to FICA, FUTA, SDI, and any other mandated tax withholding, for which each Participating Settlement Class Member shall be issued a Form 1099 INT by the Settlement Administrator if such issuance is required by law; and twenty five percent (25%) are reimbursements for travel and other H2A

related expenses the Settlement Class Members incurred and for which they were not previously reimbursed. The distribution of funds to Settlement Class Members who do not exclude themselves form the settlement shall be paid as soon as practicable after the Camarillo Defendants and the Future Ag Fund Defendants fully fund the settlement.

3.14    **Method of Payment to Settlement Class Members.** The Parties agree that the Settlement Class Members are foreign nationals who may not be physically present in the United States at the time of payments to the Settlement Class Members.  The parties acknowledge that payment by issuance and mailing of a check is not an adequate method for international payments. Accordingly, the Parties agree that the Settlement Administrator will use a reliable and secure method for ensuring that the payments are delivered to the Settlement Class Member. The Parties agree that the Settlement Administrator may wire funds to the Settlement Class Members' specified bank account, Western Union, Sigue Money Transfer, payments into the Mexican Telegrafos system, or other methods requested by the Settlement Class Member that are equally reliable and secure.  Settlement Class Members who reside in the United States at the time the Settlement Administrator issues the payments may request to have the payments issued to them by check mailed to their address in the United States.  Settlement Class Members will have three hundred sixty (360) days from the date that the Defendants fully fund the settlement to receive their settlement payments.

3.15    **Allocation of Unclaimed Funds.** In the event that there are funds remaining from the Fund that are not claimed by Settlement Class Members, such funds shall be paid to the Food Bank of Monterey County as the designated *cy pres* beneficiary within thirty (30) days of the last day for the Settlement Administrator to issue payments to the Settlement Class Members.

4.    **DUTIES OF SETTLEMENT ADMINISTRATOR**

4.1     The Settlement Administrator shall establish and maintain a Settlement Fund Account as specified in Section 3.5 above and shall disburse funds from that Account as specified in this Section.

4.2     The Settlement Administrator shall mail the Notice Packet to Settlement Class Members as specified in Section 5 below and shall make appropriate and cost-efficient efforts to assure delivery of such Notice Packet to all Settlement Class Members.

4.3     The Settlement Administrator shall receive and process requests of Settlement Class Members to opt out of this Settlement or to object to it as specified in Section 6 below.

4.4     The Settlement Administrator shall be responsible for issuing the payments and calculating and withholding the employee's and employer's portions of all legally required state and federal taxes.  The Settlement Administrator shall be responsible for paying the full amount of the employee's portion of all withheld taxes to the appropriate taxing authorities for H-2A employees.   The parties acknowledge that present law does not require withholding of taxes for wages and earnings related to an H-2A worker's work. At least fifteen (15) calendar days before issuing the payments to Participating Settlement Class Members, the Settlement Administrator shall deliver to Defendants (with a copy to Plaintiff's counsel) a written calculation of each Defendant's portion of all required employment taxes, if any.  If Defendants concur with the written calculation, Defendants shall pay this amount into the Settlement Fund administered by the Settlement Administrator no later than the date that the Settlement Administrator issues payments to Participating Settlement Class Members.  If Defendants disagree with the written calculation, Defendants shall notify the Settlement Administrator promptly of the nature and amount of the disagreement and pay the undisputed portion to the Settlement Administrator no later than the date that the Settlement Administrator issues payments to Participating Settlement Class Members.     If the Settlement

Administrator and the Defendants are unable to resolve their disagreement within five (5) business days, the Settlement Administrator and Defendants shall immediately report the remaining disagreement to the Court, which shall determine the correct resolution of the matter. The Settlement Administrator shall be responsible for paying the employer's portion of all required employment taxes to the appropriate taxing authorities, but solely with monies paid directly from Defendants and not from the Fund.

4.5    In calculating payments due under this Agreement, the Settlement Administrator shall use the Defendants' payroll records showing each Settlement Class Members' dates of employment and number of workweeks during which any work was performed during the Class Period of May 15, 2017 to November 15, 2017, subject to the challenge procedure described in this Section. The Settlement Administrator shall inform Settlement Class Members of the dates of their employment and the number of weeks worked in the Class Period. If a Settlement Class Member disagrees with the listed employment dates and/or the number of weeks worked during the Class Period based on Defendants' payroll records or other information provided by Defendants, he/she must submit a written challenge to the amount of weeks worked or dates of employment to the Settlement Administrator no later than forty five (45) calendar days after the Notice Packet mailing set forth in Section 6.1 ("Objection/Exclusion Deadline"). The Settlement Administrator shall, within five (5) calendar days after receipt of any such timely written challenge, but no later than five (5) calendar days after the Objection/Exclusion Deadline Date, determine whether the Settlement Class Member has shown that Future Ag Defendant's information provided to the Settlement Administrator was incorrect. Similarly, if a person who is not identified by Future Ag Defendant's payroll records as Settlement Class Member asserts that s/he is a Settlement Class Member, s/he must submit a written challenge regarding Settlement Class membership to the Settlement Administrator no later than the Objection/Exclusion Deadline. The

Settlement Administrator shall, within five (5) calendar days after receipt of any timely written challenge regarding Settlement Class membership, but no later than five (5) calendar days after the Objection/Exclusion Deadline, determine whether the person has shown evidence that Future Ag Defendant's information provided to the Settlement Administrator was incorrect. The Settlement Administrator may consult with counsel for the Parties in reaching these determinations. The Settlement Administrator will give written notice to the individual who submitted the challenge and counsel for the Parties of its determination. The individual who submitted the challenge shall have five (5) calendar days, or until the Objection/Exclusion Deadline, whichever is later, to submit an objection to the Settlement and/or to "opt out" of the Settlement. Either party may challenge any such determination by the Settlement Administrator to the Court if the Settlement Administrator exceeds its authority under the Agreement.

4.6 **Final Report by Settlement Administrator to Court.** Within ten (10) business days after final disbursement of all funds from the Fund, including the *cy pres* payment, the Settlement Administrator will serve on the Parties a declaration constituting a final report on the disbursements of all monies from the Fund.

5. **NOTICE TO SETTLEMENT CLASS MEMBERS**

5.1 **Settlement Class Member Contact.** Within fifteen (15) days following the Court's entry of an Order Granting Preliminary Approval of the Agreement, the Future Ag Defendants shall provide the Settlement Administrator and Plaintiff's counsel a database or spreadsheet listing the name, last known permanent address in Mexico, social security number, email addresses, WhatsApp account numbers, telephone number(s), and number of workweeks worked during the Class Period for each Settlement Class Member (the "Class List).

5.2 **Notices of Proposed Class Action Settlement.** Within fifteen (15) days after receiving the Class List from Defendants, the Settlement Administrator shall send the Notice of Proposed Class Action Settlement and Hearing ("Notice"),

attached hereto as **Exhibit A,** to each Settlement Class Member in Spanish (with a web page link to the English and Spanish version).  In addition to the Notice, the Settlement Administrator will send each Settlement Class Member an "Estimated Individual Settlement Allocation Form",  in Spanish (with a web page link to the English and Spanish version), that describes the facts and methods used to calculate the Estimated  Individual Settlement Allocation in the form of **Exhibit B** attached hereto (collectively Exhibits A and B are referred to as the "Notice Packet").  The Settlement Administrator will send the Notice Packet using the information in the Class List.  The Notice Packet will provide the estimated individual settlement payment for each Settlement Class Member, describe the facts and methods used to calculate the Estimated Individual Settlement Payment and the challenge procedure, described in Section 6, by which a Settlement Class Member can dispute the information on which his/her payment amount is calculated.  In addition, the Settlement Administrator will create and host a web page where Settlement Class Members can obtain the Notice Packet or other information regarding the Settlement, and submit requests to the Settlement Administrator to update any of their information, including their preferred method of payment.  The web page address will be included in the Notice Packet.

6.      **OPT-OUT AND OBJECTION PROCEDURES**

        6.1      **Opt-Out/Exclusion Procedure.** Any Settlement Class Member may request exclusion from the Settlement Class by "opting out."  Settlement Class Members who wish to be excluded must submit a written and signed request to the Settlement Administrator for exclusion from the Settlement which must include his or her full name, last four digits of his or her social security number, dates of employment with Defendants during the Class Period, mailing address, email address and/or phone number (if available). To be effective, Settlement Class Members' exclusion requests must be either postmarked (or, if delivered to the Settlement Administrator by means other than United States First Class Mail,

received by the Settlement Administrator) by the Objection/Exclusion Deadline, which shall be forty five (45) days after the date of mailing of the Notice Packet.

6.2 **Withdrawal of Opt-Out/Exclusion Request.** Any Settlement Class Member who submits an exclusion request may withdraw that request by submitting, by the Objection/Exclusion Deadline, a signed request to withdraw his or her exclusion request, and the withdrawal request must include his or her full name, last four digits of his or her social security number, mailing address, email address, and phone number. The Settlement Administrator shall timely notify Plaintiff's Counsel and Defendants' counsel that the exclusion requests were timely submitted and not withdrawn.

6.3 **Notice to Parties.** The Settlement Administrator shall stamp on the original of any exclusion request the date the request was received, and, if received by United States First Class Mail, also record the postmark date of the request. The Settlement Administrator shall thereafter serve copies of the exclusion request(s), inclusive of the date stamps, on Plaintiff's Counsel and Defendants' counsel not later than five (5) business days after receipt thereof. The Settlement Administrator shall, within five (5) days following the Objection/Exclusion Deadline, send via e-mail a final list of all exclusion requests that were not withdrawn to Plaintiff's Counsel and Defendants' counsel. The Settlement Administrator shall retain copies of all exclusion requests that were not withdrawn and originals of all envelopes accompanying exclusion requests that were not withdrawn in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

6.4 The release set forth in Section 8 below will bind all Settlement Class Members who do not file a timely exclusion request, or those who file but timely withdraw such a request. However, Settlement Class Members who file and do not withdraw an exclusion request will not be bound by this Agreement or the release of claims made in the Action.

6.5     **Objections.** Settlement Class Members who wish to present objections to the proposed Agreement at the Final Approval Hearing must first do so in writing. If a Settlement Class Member wishes to object to the approval of this Agreement by the Court, the objector must submit a written statement of the objection to the Settlement Administrator.  To be considered, such statement must be timely filed with the Settlement Administrator by the Objection/Exclusion Deadline.   The Settlement Administrator shall stamp the date received on the original and send copies to the Parties by e-mail or facsimile and overnight delivery not later than five (5) days after receipt thereof.  The Settlement Administrator shall file the date-stamped originals of any objections with the Court. An objector also has the right to appear at the Final Approval Hearing, either in person or through counsel hired by the objector, at the objector's cost.  An objector who wishes to appear at the Final Approval Hearing must state his or her intention to do so at the time he/she submits his/her written objections.  An objector may withdraw his/her objections at any time.

7.     <u>**CERTIFICATION OF CLASS AND APPOINTMENT OF CLASS COUNSEL**</u>

7.1     The Parties agree that for the purposes of this Agreement, Plaintiff's Counsel shall be appointed as Class Counsel. This Agreement is not evidence that the Action has any merit; nor does it constitute an admission of any wrongdoing by Defendants. Defendants do not admit to individual or class liability. This Agreement will not be deemed admissible in any other proceeding, or in this proceeding, other than to effectuate this Agreement.

7.2     Plaintiff's Counsel shall move the Court to effectuate this Section.

8.     <u>**MUTUAL RELEASE**</u>

8.1     The Parties individually and  collectively, hereby waive, release and discharge each other, their  former and present parent companies, subsidiaries, affiliates, officers, members, directors, shareholders, employees, managers, consultants, partners, attorneys, joint or co-venturers,  independent contractors, heirs,

agents, assigns, insurers, reinsurers of any of them, client-employers, joint employers, and other related persons and entities and their successors in interest (collectively, "Released Parties"), from all causes of action, claims, losses, damages, and wages asserted in the Action or which arise out of the factual allegations in the operative complaint including but not limited to: any of the claims, actions or causes of action which were alleged or stated, or the facts, matters, transactions or occurrences referred to in the operative complaint, including but not limited to, any claims for off-the-clock work, including transportation and waiting time, failure to pay minimum wages, failure to pay overtime wages, failure to pay all wages earned every pay period, untimely payment of wages, failure to pay all wages owed upon termination or resignation, transportation and/or subsistence expenses incurred for work purposes, unfair competition based on the aforementioned violations, but not as to such claims that may not be waived under applicable state and federal including but not limited to claims arising from an industrial injury.

8.2    Named Plaintiff expressly waives and relinquish any rights and benefits he has or may have under Cal. Civ. Code § 1542 which reads as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

The Section 3.10 Service Payment to the Plaintiff is consideration for Plaintiff agreeing to this waiver, which is significantly broader than the Settlement Class Member waiver.

9.    **APPROVAL HEARINGS**

9.1 **Preliminary Approval Hearing.** At the Preliminary Approval Hearing, Plaintiff and Defendants shall jointly request that the Court issue a Preliminary Approval Order, the proposed form of which shall be submitted before the Preliminary Approval Hearing, provisionally certifying the proposed class for purposes of settlement only and approving the Settlement as being fair, reasonable and adequate to the Settlement Class Members.

9.2 **Preliminary Approval Order.** If the Court preliminarily approves the Agreement, without modification, the Court shall issue a Preliminary Approval Order so stating.

9.3 **Denial in Whole or in Part.** If the Court disapproves of all or any provision of the Agreement, the Parties shall not be bound by the Agreement in any way unless the Plaintiff and Defendants mutually agree to reaffirm the Agreement as modified. In the event that the Plaintiff and Defendant do not reaffirm the Agreement as modified, the Agreement and the underlying negotiations shall not be admissible for any purpose in any proceeding. The Plaintiff and Defendants shall be free to renegotiate any other settlement agreement or proceed with the litigation.

9.4 **Final Approval Hearing.** The Court shall conduct a Hearing for Final Approval of the Agreement no later than one hundred forty (140) calendar days after the date of Preliminary Approval, or as soon thereafter as there is availability on the Court's calendar, provided that the hearing date shall be at least ten (10) days after the Objection/Exclusion Deadline.

9.5 At the Final Approval Hearing, Plaintiff shall move the Court for entry of an Order Granting Final Approval of the Agreement, the proposed form of which shall be submitted before the Final Approval Hearing, approving the Agreement as fair, reasonable and adequate, and approving requests for the following: (i) payments to the Settlement Administrator; (ii) attorneys' fees and costs; (iii) service payment to the Plaintiff; and (iv) distribution of the funds per the terms of the Agreement.

9.6 **Final Approval Order.** If the Court approves the Agreement, the Court shall issue a Final Approval Order so stating.

9.7 The Parties shall further request the Final Approval Order Granting Final Approval of the Agreement be entered as a Judgment in the Action as soon as practicable after entry of the Court's granting of the Final Approval Order. The judgment will constitute a binding and final resolution of any and all claims by any Participating Settlement Class Members, as defined by the Release herein.

10. **REPRESENTATIONS AND WARRANTIES**

Each of the Parties to the Agreement represents and warrants, and agrees with each other Party hereto, as follows:

10.1 All Parties have received independent legal advice from their attorneys with respect to the advisability of entering into the Agreement and with respect to the advisability of executing this Agreement.

10.2 Each of the Parties, through his/her/its respective counsel, has made such investigation of the facts pertaining to this Settlement and the Agreement and all of the matters pertaining to them as they deem necessary.

10.3 The Parties and their respective attorneys shall proceed diligently to prepare and execute all documents necessary to seek the approval of the Court and to do all things reasonably necessary to consummate the Agreement according to its timing provisions. Class Counsel shall have responsibility for preparing the motions and documents.

10.4 Throughout the pendency of this settlement process, the Parties will take all steps necessary to stay, postpone and/or take off calendar all court appearances, filing deadlines, discovery deadlines and/or other case activity up and until the submission of this Agreement, or as soon thereafter as possible.

11. **DISPUTE RESOLUTION**

11.1 The Parties shall cooperate in good faith to complete the terms of this Agreement. Any disputes that arise during the process of finalizing the Agreement

documents shall be presented to the District Court for the Northern District of California, San Jose Division.

12.     **<u>ADDITIONAL PROVISIONS</u>**

12.1     **Execution in Counterpart.**  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

12.2     The terms of this Agreement may not be changed or terminated orally. It may only be modified or amended in a writing signed by the Parties and, once the Agreement has been filed with the Court, such change must also be approved by the Court.

12.3     All notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement shall be in writing, and shall be by hand delivery, overnight courier, or, unless specified otherwise in a provision of the Agreement, mailed, postage prepaid, by first class or express mail.  All such notices, requests, demands, and other communications are to be sent to the undersigned persons at their respective addresses as set forth herein:

Counsel for Plaintiff:
Dawson Morton
Santos Gomez
Law Offices of Santos Gomez
1003 Freedom Boulevard
Watsonville, CA 95076
Email: dawson@lawofficesofsantosgomez.com
       santos@lawofficesofsantosgomez.com

Counsel for Camarillo Defendants:
Michael C. Saqui, Esq.
Jennifer M. Schermerhorn, Esq.
Rebecca A. Hause-Schultz, Esq.
DOWLING AARON INCORPORATED
1410 Rocky Ridge Drive, Suite 330

Roseville, California 95661
Email: jschermerhorn@laborcounselors.com
rhause-schultz@laborcounselors.com

Counsel for Future Ag Defendants:

Ana C. Toledo
Terrence O'Connor
NOLAND, HAMERLY, ETIENNE & HOSS
P. O. Box 2510
Salinas, CA 93902
Email: atoledo@nheh.com
toconnor@nheh.com

The persons and addresses to which such communications shall be made may be changed from time to time by a written notice mailed as stated above.

THE UNDERSIGNED ACKNOWLEDGES THAT EACH HAS READ THE FOREGOING AGREEMENT AND ACCEPTS AND AGREES TO THE PROVISIONS CONTAINED THEREIN, AND HEREBY EXECUTES IT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS CONSEQUENCES.

Dated: 01 - 14 - 2020 , 2019

MOISES GOMEZ-GASCA
Plaintiff

Dated: _____, 2019

ELIAS CHAVEZ PEREZ
Defendant

Roseville, California 95661
Email: jschermerhorn@laborcounselors.com
rhause-schultz@laborcounselors.com

Counsel for Future Ag Defendants:

Ana C. Toledo
Terrence O'Connor
NOLAND, HAMERLY, ETIENNE & HOSS
P. O. Box 2510
Salinas, CA 93902
Email: atoledo@nheh.com
toconnor@nheh.com

The persons and addresses to which such communications shall be made may be changed from time to time by a written notice mailed as stated above.

THE UNDERSIGNED ACKNOWLEDGES THAT EACH HAS READ THE FOREGOING AGREEMENT AND ACCEPTS AND AGREES TO THE PROVISIONS CONTAINED THEREIN, AND HEREBY EXECUTES IT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS CONSEQUENCES.

Dated: _____, 2019

MOISES GOMEZ-GASCA
Plaintiff

Dated: 1/15/2020

ELIAS PEREZ
ELIAS CHAVEZ PEREZ
Defendant

Gomez-Gasca v. Future Ag Management, Inc. et al., Case No. 19-CV-02359-YGR
Class Action Settlement Agreement and Release of Claims

21

1

2    Dated: 1 | 5 | 2020
                    2019

3

4

5

6    Dated: _____, 2019

7

8

9

10

11

12

13   Dated: _____, 2019

14

15

16   **Approved as to Form**:

17

18

19   Dated _____, 2019

20

21

22

23

24

25   Dated 1-15-20, 2019
                      20

26

27

28

_____
Representative for Defendants
Future Ag Management, Inc.
and Future Harvesters
and Packers, Inc.



_____
Kiana Amaral, Secretary
for Defendant
Camarillo Berry Farms, LP



_____
John Wilkinson, Member
Blazer Wilkinson LP



_____
Santos Gomez
Dawson Morton
Law Offices of Santos Gomez
Attorneys for Plaintiff



_____
Ana Toledo
Terrence O'Connor
Attorneys for Defendants
Future Ag Management Inc.,

Gomez-Gasca v. Future Ag Management, Inc. et al., Case No. 19-CV-02359-YGR
Class Action Settlement Agreement and Release of Claims

22

1

2  Dated: _____, 2019

3

4

5

6  Dated: _January 15_, 20~19~ 20

7

8

9

10

11

12

13  Dated: _January 15_, 20~19~ 20

14

15

16  **Approved as to Form**:

17

18

19  Dated _Jan. 16_, ~2019~ 2020

20

21

22

23

24

25  Dated _____, 2019

26

27

28

Representative for Defendants
Future Ag Management, Inc.
and Future Harvesters
and Packers, Inc.

Kiana Amaral, Secretary
for Defendant
Camarillo Berry Farms, LP

John Wilkinson, Member
Blazer Wilkinson LP

Santos Gomez
Dawson Morton
Law Offices of Santos Gomez
Attorneys for Plaintiff

Ana Toledo
Terrence O'Connor
Attorneys for Defendants
Future Ag Management Inc.,

1

2

3    Dated: January 15 , 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Future Harvesters and Packers
Inc., and Elias Perez Chavez


_Michael C. Saqui_____
Michael C. Saqui
Jennifer M. Schermerhorn
Rebecca A. Hause-Schultz
Attorneys for Defendants
Camarillo Berry LP and
Blazer Wilkinson LP

EXHIBIT B

## NOTICE OF CLASS ACTION SETTLEMENT
*Moises Gomez-Gasca v. Future Ag Management, Inc. et al.*
United States District Court, Northern District of California, Case No. 19-CV-02359-YGR

**To: All Persons Employed As H-2A Visa Workers (Contratados) To Harvest Strawberries for Future Ag Management Inc., Elias Perez Chavez, Future Harvesters and Packers, Inc., Camarillo Berry Farms, LP, and Blazer Wilkinson, LP, From May 15, through November 15, 2017**:

*Please read this notice carefully and completely. A federal court authorized this notice. This is not a solicitation from a lawyer.*

This Notice provides important information about a proposed settlement of a lawsuit for your work for Future Ag Management in California. This notice explains your right to participate in or exclude yourself from the settlement. The lawsuit alleges that H-2A Visa Workers/ Contratados who harvested strawberries from the period from May 15 through November 15, 2017 in California for farm labor contractor Future Ag Management, and grower Camarillo Berry Farms, were not paid their minimum and overtime wages and were not reimbursed for work-related expenses. Class members are those who worked in California with an H-2A Visa for Future Ag Management at any time from May 15 to November 15, 2017.

*Your inclusion in the Class Settlement will <u>not</u> affect your ability to return to the United States as an H-2A worker in the future.*

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE SETTLEMENT PAYMENT** | If you do nothing, you will receive a settlement payment estimated at [tbd] if the Court grants final approval of the settlement. <br> The Settlement Administrator will send your payment to be picked up at a financial institution with mailed notice to the best address it can find for you, unless you change the location/account where you want your payment sent by taking one of these steps: <br> • contact the Settlement Administrator at the phone number or email address at the end of this Notice, OR <br> • contact Class Counsel at the phone number or email address at the end of this Notice, OR <br> • change your delivery information at the Settlement Website: www.litigiofuturo.com <br> By accepting the settlement payment, you agree to release your claims covered by the Settlement, which means that you will not be able to sue the Defendants for any of the claims asserted against them in the lawsuit. |
| **EXCLUDE YOURSELF** | You may submit a written request to exclude yourself from the Settlement. If you exclude yourself, you will receive NO settlement payment. You will be free to file your own claim against Defendants about the matters in the lawsuit. The steps to exclude yourself are explained in this Notice. |
| **OBJECT** | You may object to the Settlement Agreement by filing a statement explaining why you oppose any term of the Settlement. In order to file an objection, you cannot exclude yourself from the Settlement. You may also appear in Court and explain why you oppose the terms of the Settlement. The steps to file an objection or request to appear in Court are explained in this Notice. Filing an objection may or may not change the Court's decision about whether to approve the Settlement. |

## **TABLE OF CONTENTS**

1.  **Why Should I Read This Notice?** ........................................................................... 2
2.  **What Is This Case About?** .................................................................................... 2
3.  **Who is Part of the Class?** ...................................................................................... 2
4.  **Why did I receive this Notice?** ............................................................................. 2
5.  **Why is there a Settlement?** ................................................................................... 3
6.  **What does the Settlement provide?** ..................................................................... 3
7.  **How much can I get in the Settlement?** .............................................................. 3
8.  **Do I have to pay taxes on the money I receive?** ................................................ 3
9.  **How can I get a payment?** ..................................................................................... 3
10. **When would I get my payment?** ........................................................................... 4
11. **What rights do I give up if I do not exclude myself from the Settlement?** ......... 4
12. **How do I exclude myself from the Settlement?** ................................................. 4
13. **How do I object to the Settlement?** ..................................................................... 5
14. **Do I need a lawyer?** ............................................................................................... 5
15. **When and where is the Final Approval Hearing?** ............................................. 5
16. **How do I get additional information?** ................................................................. 5

### **1.   Why Should I Read This Notice?**

The purpose of this Notice is to inform you that you have the right to participate in, object to, or exclude yourself from the settlement. This notice explains your legal rights and options for the class action lawsuit against Future Ag Management, Inc., Elias Perez-Chavez, Future Packers and Harvesters, Inc., Camarillo Berry Farms LP, and Blazer Wilkinson, LP ("Defendants"). The lawsuit is pending in the United States District Court for the Northern District of California. At this time, a settlement has been preliminarily approved by the Court.

### **2.   What Is This Case About?**

In this case plaintiff Moises Gomez-Gasca ("Plaintiff") alleges that Defendants owe money to former H-2A workers or contratados who were employed by Defendants through the H-2A visa program from May 15, 2017 through November 15, 2017 in California. Plaintiff alleges that he and other workers were not paid all wages owed in violation of the Fair Labor Standards Act and California law. Plaintiff also alleges that he and other former H-2A workers were not reimbursed for work-related expenses in violation of California law and are owed penalties for Defendants' failure to pay these amounts on time.

### **3.   Who is part of the Class?**

H-2A workers or contratados who were employed by Future Ag Management, Inc., Elias Perez-Chavez, Future Packers and Harvesters, Inc., Camarillo Berry Farms LP, and Blazer Wilkinson, LP through the H-2A visa program from May 15, 2017 through November 15, 2017 in California.

### **4.   Why did I receive this Notice?**

You were sent this Notice because the potential settlement may affect your legal rights and entitle you to payment. Defendants' records indicate that you are a Class Member because you were an H-2A worker/contratado who worked for Defendants during the period from May 15, 2017 through November 15, 2017 in California.

### 5.  Why is there a Settlement?

After investigating the facts, claims, and defenses, and with the help of an experienced and well-respected mediator, the claims have been settled.  Defendants deny that they violated any laws but have agreed to pay a settlement of the claims to end the lawsuit.  Settlement was reached because the Parties believe that the amount agreed to is fair and reasonable. The Court did not decide in favor of either of the Parties.

### 6.  What does the Settlement provide?

Defendants have agreed to pay a gross payment of $355,000 ("Settlement Amount") in exchange for a limited release of claims from all Class Members, other than those who exclude themselves as instructed by this Notice. The release applies to any of the claims brought by the Class Representative in this lawsuit or any claims that are sufficiently related to those brought by Class Representative in this lawsuit.

Class Counsel will ask the Court for certain deductions from the Settlement Amount.  Specifically, Class Counsel will ask the Court to approve: (1) attorneys' fees in an amount up to 30% of the Gross Settlement Fund, or up to $106,500; (2) accrued litigation costs in an amount up to $15,000; (3) a service award for the Class Representative, not exceeding $10,000, as compensation for the risks, time, and expense of his involvement in this lawsuit; and (4) an estimated $10,000 in administration fees for the Claims Administrator for the expense of notifying Class Members, processing exclusions, distributing settlement payments, and all other related duties.

Assuming the Court approves these deductions; $213,500 ("Net Settlement Fund") would remain to make payments to Class Members.

### 7.  How much can I get in the Settlement?

Class Members who do not exclude themselves from the settlement will receive a pro rata share of the Net Settlement Fund based upon the number of weeks you worked for Defendants in California during the Class Period of May 15, 2017 through November 15, 2017.  It is estimated that if all Class Members are located and do not opt out, each Class Member will on average receive about $2,246 from the Net Settlement Amount.

### 8.  How can I get a payment?

You will get a Settlement Payment automatically if you do not request exclusion.

The Settlement Administrator will send your Settlement Payment to a bank, post office or financial institution it can find for delivery to you. You may change or confirm where you want your payment delivered.  The Settlement Administrator can wire funds to your bank account, send money by Western Union, make payment by the Mexican Telegrafos system, or another secure method you request.  If you reside in the United States at the time the Settlement Administrator issues the payments, you may request to have your payment issued to you by check and mailed to your United States address. You should confirm where you want to receive delivery of your payment by taking one of these steps:

- contact the Settlement Administrator at the phone number or email address at the end of this Notice, OR
- contact Class Counsel at the phone number or email address at the end of this Notice, OR
- change your delivery information at the Settlement Website: www.litigiofuturo.com

*If you do not deposit your settlement payment within 360 days of the Court's order for final approval of the settlement, you will lose your payment.*

### 9.  **When would I get my payment?**

The Court will hold a Final Approval hearing on or about _____ at 2:00pm in Courtroom 1 – 4th Floor of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612.  If the Court approves the settlement, your Settlement payment will be sent to you approximately 80 days after final approval unless there are appeals.  If there are any appeals, you will receive payment (assuming the Settlement remains intact) after the appeals process.

### 10.  **What rights do I give up if I do not exclude myself from this Settlement?**

Unless you exclude yourself, you will be a part of the Settlement Class.  In other words, you will not be able to sue, continue to sue (if applicable), or be part of any other lawsuit against Defendants that involves the claims alleged or is sufficiently related to the claims alleged in the lawsuit.  Specifically, unless you exclude yourself, you will be bound by the Release as stated below:

> Class Members waive, release and discharge all causes of action, claims, losses, damages, and wages asserted in the Action or which arise out of the factual allegations in the operative complaint for the time period of May 15, 2017 to November 15, 2017, including but not limited to any claims for off-the-clock work, including transportation and waiting time, failure to pay minimum wages, failure to pay overtime wages, failure to pay all wages earned every pay period, untimely payment of wages, failure to pay all wages owed upon termination or resignation, transportation and/or subsistence expenses incurred for work purposes, unfair competition based on the aforementioned violations, *but not as to* such claims that may not be waived under applicable state and federal (including but not limited to claims arising from an industrial injury).

### 11.  **How do I exclude myself from the Settlement?**

To exclude yourself, you must make a request in writing which includes: your name, last four digits of your social security number, mailing address, email address and phone number and a statement that you do not wish not to be included in the Settlement.

Your request for exclusion must be sent to the Settlement Administrator:

Atticus Administration

P.O. Box ____

You must send your request for exclusion (postmarked, delivered or emailed) no later than _____.  The Court will exclude from the Settlement and Release any Class Member who makes a request by that date.  If you do not submit request for exclusion by that date, you will be included in the Settlement Class, and be bound by the terms of the Settlement, specifically the release language stated above.

### 12. How do I object to the Settlement?

You have the right to object to the Settlement.  Settlement Class members may object to the Settlement by filing an objection on or before  [_____] with the Court.  The objection must be in writing and must by regular mail to the Court at the following address:

> Clerk of Court, U.S. District Court,
> 1301 Clay Street, Suite 400 S.
> Oakland, California 94612
> RE:  *Gomez-Gasca v. Future Ag,* Case No. 19-CV-02359-YGR

Your objection should contain a statement, made under penalty of perjury, showing that you are a Class Member and stating why you object to the Settlement.  You may also request to appear and make a statement to the Court at the Final Approval Hearing.  You may appear at the Final Approval Hearing, either in person or through your own legal representative.  If you choose to appear or obtain your own legal representative, you will be responsible for your own attorneys' fees and costs.

The Court may or may not accept your objection.  If the Court rejects your objection, you will still be bound by the terms of the Settlement.

### 13. Do I need a lawyer?

You do not need to hire your own lawyer because Class Counsel is working on behalf of all Class Members.  Class Counsel is:

> Dawson Morton and Santos Gomez
> LAW OFFICES OF SANTOS GOMEZ
> 1003 Freedom Boulevard
> Watsonville, CA 95076
> Telephone: (831) 228-1560
> dawson@lawofficesofsantosgomez.com
> santos@lawofficesofsantosgomez.com

You also may choose to hire your own attorney at your own expense.

### 14. When and where is the Final Approval Hearing?

The Court will hold a Final Approval hearing on or about 2:00 p.m. on _____, in Courtroom 1 – 4th Floor of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612.  It is not necessary for you to appear at this hearing unless wish to state your object to the settlement.

The Court may change the date of the hearing on the Motion for Final Approval without further notice.  If you wish to attend the hearing, you should check the Court's public website to confirm the hearing date.

### 15. How do I get additional information?

This Notice only summarizes the terms of the Settlement.  You can also view and obtain copies of lawsuit-related documents from a computer or smartphone at www.litigiofuturo.com or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays and closures.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT.**

EXHIBIT C

## Your Estimated Settlement Payment

*Moises Gomez-Gasca v. Future Ag Management, Inc. et al.*
United States District Court, Northern District of California, Case No. 19-CV-02359-YGR

According to Future Ag Management's employment records, you harvested strawberries from the period from May 15 through November 15, 2017 in California for farm labor contractor Future Ag Management, and grower Camarillo Berry Farms as an H2A worker ("contratado") pursuant to Job Order Number CA-15279712 from [start date] to [end date].  During this period, you worked a total of [number] workweeks.

Based on that information, it is estimated that you will receive [$amount] from the Settlement.

To receive your share of the Settlement funds, you must contact one of the two addresses below to tell the Administrator or Class Counsel where to send your payment once the Court grants final approval of the Settlement.  ***Your contact and payment information will not be shared with anyone other than the Settlement Administrator and Class Counsel.***

If you disagree with the dates of your employment and/or the stated number of weeks you worked for Future Ag Management during the period of May 15 to November 15, 2017, you must submit a written statement of what you believe are the correct dates and workweeks to the Settlement Administrator no later than _____.

### Settlement Administrator
Atticus Administration
[list contact information]

### Class Counsel
Dawson Morton
Santos Gomez
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Telephone: (831) 228-1560
dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com