Santos Gomez (SBN 172741)
Dawson Morton (SBN 320811)
**Law Offices of Santos Gomez**
1003 Freedom Boulevard
Watsonville, CA 95076
Tel. (831) 228-2560
Fax: (831) 228-1542
santos@lawofficesofsantosgomez.com
dawson@lawofficesofsantosgomez.com

Attorneys for Plaintiff Moises Gomez-Gasca

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MOISES GOMEZ-GASCA, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FUTURE AG MANAGEMENT, INC., ELIAS PEREZ CHAVEZ, CAMARILLO BERRY FARMS, L.P., FUTURE HARVESTERS AND PACKERS, INC., and BLAZER WILKINSON, L.P.,<br><br>Defendants. | Case No. 4:19-CV-2359-YGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: October 20, 2020<br>Time: 2:00 p.m.<br>Ctrm: Courtroom 1, U.S. District Court, 1301 Clay St., 4th Floor, Oakland, CA |

Please take notice that, on October 20, 2020, at 2:00 p.m. or as soon thereafter as counsel may be heard, in Courtroom 1 of the Oakland Courthouse, located at 1301 Clay Street, Fourth Floor, Oakland, California, Moises Gomez-Gasca ("Plaintiff") will and hereby does move for an order granting final approval of the class action settlement

reached with defendant Future Ag Management, Inc., Elias Perez Chavez, Future Harvesters and Packers, Inc. (collectively the "Future Ag Defendants"), and defendant Camarillo Berry Farms LP and Blazer Wilkinson LP (collectively the "Camarillo Defendants") that was preliminarily approved on April 21, 2020. Doc. 59. Specifically, Plaintiff moves for an order:

1. Certifying for settlement purposes, for treatment as a class action under Rule 23 of the Federal Rules of Civil Procedure, a settlement class defined as all individuals employed by Future Ag Management, Inc. pursuant to Job Order Number CA-15279712, under the terms of an H-2A visa, for the period of employment from May15, 2017 through November 15, 2017.

2. Granting final approval of the Settlement and finding the terms of the Settlement to be fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement fund; the amount of distributions to class members; the procedure for giving notice to class members; the procedure for members of the Settlement Class to opt out of the Settlement; and the procedure for members of the Settlement Class to object to the Settlement.

3. Finding that class members were provided proper and adequate notice of their rights in a manner that satisfies the requirements of due process.

4. Directing that all class members who did not timely file a request for exclusion from the Settlement are barred from prosecuting against the Released Parties any and all released claims as set forth in the Settlement.

5. Directing that Defendant make a payment to the settlement administrator, in accordance with the procedures set forth in the Settlement, of the amount needed to fund all amounts payable under the Settlement.

6. Directing payment from the settlement fund of settlement administration fees to Atticus Administration in the amount of $7,220 in accordance with the declaration of Chris Longley from the administrator, Atticus Administration, LLC.

7. Entering a final judgment dismissing the action with prejudice.

2
MOTION FOR FINAL APPROVAL OF CLASS ACTION        SETTLEMENT

8. Providing that, notwithstanding entry of final judgment, the Court shall retain jurisdiction in this matter for the purposes of interpreting or enforcing the Settlement or final judgment.

Plaintiff's motion is made under Rule 23 of the Federal Rules of Civil Procedure on the grounds that the Settlement is fair, reasonable and adequate; in accordance with due process, class members were provided notice of their rights under the Settlement in a reasonable manner and were given a reasonable opportunity to exclude themselves from the Settlement.

Plaintiff's motion is based on this Notice and attached Memorandum of Points and Authorities; the Declarations of Dawson Morton, Santos Gomez, and Chris Longley submitted herewith; the prior Motion for Approval of Fees, Costs and Enhancement, and its accompanying declarations; and all other pleadings and papers on file in this action; and any oral argument or other matter that may be considered by the Court.

Dated: July 31, 2020　　　　　　　　LAW OFFICES OF SANTOS GOMEZ

　　　　　　　　　　　　　　　　　By　/s/ *Dawson Morton*
　　　　　　　　　　　　　　　　　　　Dawson Morton
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

Santos Gomez (SBN 172741)
Dawson Morton (SBN 320811)
**Law Offices of Santos Gomez**
1003 Freedom Boulevard
Watsonville, CA 95076
Tel. (831) 228-2560
Fax: (831) 228-1542
santos@lawofficesofsantosgomez.com
dawson@lawofficesofsantosgomez.com

Attorneys for Plaintiff Moises Gomez-Gasca

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MOISES GOMEZ-GASCA, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>FUTURE AG MANAGEMENT, INC., ELIAS PEREZ CHAVEZ, CAMARILLO BERRY FARMS, L.P., FUTURE HARVESTERS AND PACKERS, INC., and BLAZER WILKINSON, L.P.,<br><br>Defendants. | Case No. 4:19-CV-2359-YGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: October 20, 2020<br>Time: 2:00 p.m.<br>Ctrm: Courtroom 1, U.S. District Court, 1301 Clay St., 4th Floor, Oakland, CA |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

SUMMARY OF SETTLEMENT TERMS ….............................................................. 1

ARGUMENT ............................................................................................................ 2

I. THE SETTLEMENT MERITS FINAL APPROVAL........................................... 2

    A. The Strength of Plaintiff's Case ................................................................ 4

    B. The Risk, Expense, Complexity and Likely Duration Of Further Litigation ............................................................................................................. 5

    C. The Risk of Maintaining Class Action Status............................................ 6

    D. The Amount Offered in Settlement ........................................................... 6

    E. The Extent of Discovery Completed and The Stage Of The Proceedings ....................................................................................................... 7

    F. The Experience and Views of Counsel ..................................................... 8

    G. The Reaction of Class Members to The Settlement .................................. 8

    H. There Are No Indicia of Collusion……………………………………….. 8

II. THE AMOUNTS OF FEES, COSTS, AND ENCHANCEMENT ARE REASONABLE ....................................................................................................... 11

III. The CY PRES DESIGNATION IS APPROPRIATE …………………….…..12

IV. ADJUSTMENT TO PAY FULL FLSA DAMAGES ………………….13

V. FINAL CERTIFICATION OF THE CLASS ………………………….… ..13

CONCLUSION .................................................................................................... 13

# TABLE OF AUTHORITIES
## CASES

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 254 (N.D. Cal. 2015). ........................ 3, 7

*Camilo v. Ozuna*, 2020 U.S. Dist. LEXIS 57435, at *13 (N.D. Cal. Apr. 1, 2020) ................ 3, 7

*Chen v. Chase Bank USA, N.A.,* 2020 U.S. Dist. LEXIS 110755, at *20 (N.D. Cal. June 23, 2020) ...... 8

*Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) ................................................. 3

*Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) ............................................ 2, 4

*Contreras v. Worldwide Flight Servs.*, 2020 U.S. Dist. LEXIS 79037, at *14 (C.D. Cal. Apr. 1, 2020) . 9

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) ................ 2, 4, 11

*In re Immune Response Securities Litigation*
   (S.D. Cal. 2007) 497 F.Supp.2d 1166 ............................................................................... 7

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) .................................. 7

*Littlejohn v. Copland*, 2020 U.S. App. LEXIS 20531, at *4 (9th Cir. June 30, 2020) ................ 3

*Moreno v. Beacon Roofing Supply, Inc.*, 2020 U.S. Dist. LEXIS 122642, *10-11 (S.D. Cal. July 13, 2020) ................................................................................................................................ 6

*Nat'l Rural Telecomms. Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)  6, 9

*Ontiveros v. Zamora,* 303 F.R.D. 356, 371 (E.D. Cal. 2014) ..................................................... 8

*Ortiz v. Genco, Inc.*, 2019 U.S. Dist. LEXIS 70625, *3 (N.D. Cal. April 23, 2019). .................. 9

*Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019) ...................................... 4, 10

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) ........... 12

*Tijero v. Aaron Bros.*, 301 F.R.D. 314, 320 (N.D. Cal. December 19, 2013) .............................. 2

*Uschold v. NSMG Shared Servs., LLC*, 2020 U.S. Dist. LEXIS 99258, at *29 (N.D. Cal. June 5, 2020)
   ............................................................................................................................... 7, 8

*Vasquez v. Coast Valley Roofing, Inc.*
   (E.D. Cal. 2010) 266 F.R.D. 482 ......................................................................................... 4

*Walsh v. CorePower Yoga LLC*, 2017 U.S. Dist. LEXIS 163991 (N.D. Cal. Oct. 3, 2017) ........ 11

## RULES

Fed. R. Civ. P. 23(c) ................................................................................................................. 1

Fed. R. Civ. P. 23(e) ................................................................................................................. 2

Fed. R. Civ. P. 23(e)(2) ......................................................................................................... 2, 3

# INTRODUCTION

On April 21, 2020, the Court granted Plaintiff's motion for preliminary approval of the parties' class action settlement. Doc. 59. The April 21, 2020 Order also conditionally certified the class pursuant to Fed. R. Civ. P. 23(c). Doc. 59 at 2. Pursuant to that Order, Plaintiff's Motion for Approval of Attorneys' Fees, Costs and Enhancement Award was filed on July 21, 2020. Doc. 62 ("Fee Motion"). The parties stipulated to an extension of time for the final approval motion, Doc. 61, and the Court extended the final approval deadline to July 31, 2020, Doc. 63. The deadline to object to the Settlement and/or to Plaintiff's Fee Motion remains September 22, 2020. Doc. 59 at 5.

Plaintiff now moves for final certification of the settlement class and final approval of the Settlement. For the reasons set forth below, the Settlement is fair, adequate and reasonable, Plaintiff should be awarded the full amounts of attorney's fees, costs and enhancement award requested, and final approval should be granted.

## SUMMARY OF SETTLEMENT TERMS

The settlement provides:

- A Settlement Class of all individuals employed by Future Ag Management Inc. pursuant to Job Order Number CA-15279712, under the terms of an H-2A visa, for the period of employment from May 15, 2017 through November 15, 2017 (the "Class Period"). The total number of Settlement Class Members is eighty-eight (88) employees. Christopher Longley Decl. at ¶ 4 (attached).
- Defendants will pay the Gross Settlement Amount of $355,000 on a non-reversionary basis. Doc. 59 at 13. Class members are not required to submit claims to receive settlement benefits. Longley Decl. at ¶ 10.
  - o The Camarillo Defendants shall pay a gross settlement amount of one hundred and seventy-five thousand dollars ($175,000.00), inclusive of payments to Named Plaintiff, the Class fees, litigation costs, third party administration, and expenses (hereinafter "Camarillo Fund"). Doc. 59 at

1

14. The Camarillo Defendants shall pay the Camarillo Fund within twenty (20) days of Final Approval. *Id.*
- The Future Ag Defendants shall pay a gross settlement amount of one hundred and eighty thousand dollars ($180,000.00), inclusive of payments to Named Plaintiff, the Class fees, litigation costs, third party administration, and expenses (hereinafter "Future Ag Fund"). Doc. 59 at 14. The Future Ag Defendants shall pay ninety thousand dollars ($90,000.00) of the Future Ag Fund due within twenty (20) days of Final Approval and the remaining ninety thousand dollars ($90,000.00) of the Future Ag Fund due on or before December 1, 2020. *Id.*

- The Settlement provides an application by Plaintiff for an award of attorney's fees of up to $106,500 (30% of the Gross Settlement Amount), and an award of litigation costs up to $15,000, and an enhancement award to Plaintiff of $10,000. Doc. 59 at 15.

## **ARGUMENT**

**I.  THE SETTLEMENT MERITS FINAL APPROVAL**

A class may be settled "only with the court's approval," Fed. R. Civ. P. 23(e), but that review is done with "strong judicial policy that favors settlements[.]" *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Tijero v. Aaron Bros.*, 301 F.R.D. 314, 320 (N.D. Cal. December 19, 2013).

This Circuit, and the federal rules, require an assessment that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (requiring "a determination that the settlement taken as a whole is fair, reasonable, and adequate."). In making that assessment, courts in the Ninth Circuit "typically consider[] the following factors[:]" *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 254 (N.D. Cal. 2015).

1) the strength of the plaintiff's case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class action status

throughout the trial; 4) the consideration offered in settlement; 5) the extent of discovery completed, and the stage of the proceedings; 6) the experience and views of counsel; and 7) the reaction of the class to the proposed settlement. *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004); *Littlejohn v. Copland*, 2020 U.S. App. LEXIS 20531, at *4 (9th Cir. June 30, 2020) (affirming use of factors in assessing fairness as "appl[ying] the correct legal framework . . . in approving the Settlement.").[1]

The federal rules, amended in 2018, also now require that:

> (a) the class was adequately represented by counsel and the class representatives, (b) the negotiation was at arm's length, and (c) the relief requested is adequate considering (i) costs, risks and delay, (ii) effectiveness of distribution, (iii) terms of fee award, and (d) the class members are treated equitably among each other.

Fed. R. Civ. P. 23(e)(2); *Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 n.11 (9th Cir. 2019) (noting in 23(e)(2) "Congress codified its own multifactor test"). "This list of factors is not intended to displace any factors currently considered by courts[.]" *Camilo v. Ozuna*, 2020 U.S. Dist. LEXIS 57435, at *13 (N.D. Cal. Apr. 1, 2020).

Finally, the Ninth Circuit has also cautioned that courts must be wary of "explicit collusion" or "indicia of possible collusion[.]" *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 947. And, asks that courts "employ[] extra caution and more rigorous scrutiny—when it comes to settlements negotiated prior to class certification[.]" *Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019). Deciding whether a settlement is fair is ultimately "an amalgam of delicate balancing, gross approximations and rough justice[.]"*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig*, 895 F.3d 597, 611 (9th Cir. 2018) (citations omitted).  Here, the factors allow the ready conclusion that the Settlement is fair and reasonable.

---

[1] An additional factor "the presence of a government participant" is inapplicable here.

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## A. The Strength of Plaintiff's Case

Assessing the strength of a plaintiff's case involves weighing the merits against the settlement amount and potential recovery. *Van Bronkhorst v. Safeco Corp.,*, 529 F.2d 943, 950 (9th Cir. 1976). *See also, Vasquez v. Coast Valley Roofing, Inc.* (E.D. Cal. 2010) 266 F.R.D. 482, 488. A district court need not, however, "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in the litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

Here, Plaintiff maintains his principal claims that Defendant failed to pay all lawful wages owed and failed to indemnify class members for work related expenses are very strong and Plaintiff achieved a result commensurate with the relative strength of those claims. According to the calculations initially prepared by the Administrator,[2] the highest estimated award amount to be paid to a Class Member is $3,225.08; the lowest payment amount is $387.11; and the average payment amount per Class Member is $2,426.14. Longley Decl., ¶ 12.

At the initial approval hearing and in their moving papers, Plaintiff's counsel represented that no amount would be less than a full FLSA recovery. Doc. 56 at 19. The full FLSA recovery amount is $868.29. *Id.* When these amounts are adjusted to ensure each Class Member receives at least $868.29, four individual class members' awards are raised, and the average increases to $2,440.68. Longley Decl. ¶ 11(c). That adjustment requires $1,253.50 in additional funds which Plaintiff proposes can be apportioned from unspent costs.

Plaintiff is estimated to receive an Individual Settlement Allocation of $3,096.07 in addition to any enhancement award the Court may approve. Longley Decl. at ¶ 12.

---

[2] Using a 100% participation rate, each Class member's Individual Settlement Allocation was determined by using a pro-rata share of the Net Settlement Amount based on his or her eligible workweeks during the Class Period in Job Order Number CA-15279712. Longley Decl., ¶ 11(b).

4

The distribution amount for all class members is expect to rise as costs of settlement administration and Plaintiff's costs are both below the amounts used to prepare the distribution amounts. Longley Decl. ¶ 11(a); *see also, infra*, at section III.

Given the fact that each of the 88 Class Members worked *no more than six months*, an average recovery of more than $2,400 (equivalent to an additional week per month worked) reflects an excellent result that warrants final approval.

### B. The Risk, Expense, Complexity and Likely Duration of Further Litigation

Continued litigation of this case would have exposed Plaintiff to substantial expense and risk. In the absence of settlement, Plaintiff ran the risk of losing a contested motion for class certification or of the packing defendants attempting to escape or limit liability. In that event, Plaintiff would not have achieved anything for Class Members or obtained a result with a limited ability to collect. Thus, there were possible litigation outcomes where class members, assuming they prevailed on a contested motion for class certification, would have recovered far less than what was achieved by the Settlement. Plaintiff also faced the prospect of lengthy and expensive discovery with respect to the merits of his claims. Among other issues, continued litigation would likely have involved expensive and lengthy disputes regarding Plaintiff's discovery of personnel records, and/or other employment records. The prospect of "lengthy and expensive litigation with uncertain results" supports settlement. *See, Nat'l Rural Telecommons. Coop. v. DirectTV, Inc.* 221 F.R.D. 523, 526 (C.D. Cal. 2004).

### C. The Risk of Maintaining Class Action Status

While Defendant has not objected to class certification for the purposes of settlement, Defendant would have opposed certification. Moreover, even if Plaintiff prevailed on an initial motion for class certification as Plaintiff expected, Plaintiff still faced the risk of a motion by Defendant for decertification and the Camarillo Defendants might have sought to evade liability whereas here they are paying nearly half of the Settlement Amount. Finally, even if Plaintiff succeeded in certifying all class

5

claims, prevailing on the merits at trial or obtaining a result better than the one presented by this negotiated resolution was less than certain.

### D. The Amount Offered in Settlement

"The amount offered in the proposed settlement agreement is generally considered to be the most important consideration of any class settlement." *Moreno v. Beacon Roofing Supply, Inc.*, 2020 U.S. Dist. LEXIS 122642, *10-11 (S.D. Cal. July 13, 2020). As discussed above and in the revised motion for preliminary approval, Doc. 56, the Settlement achieved by Plaintiff reflects an excellent result, Doc. 56 at 22. The settlement provides between 58.7 and 93% of the lost wages at issue and even when penalties are included in the calculation, the recovery is from 40.8% to 54.9% of a full damage recovery. Doc. 56 at 22-23; Morton Decl. [Doc. 56-1] at ¶ 8. This amount significantly exceeds recoveries that have received court approval. *See, e.g., Uschold v. NSMG Shared Servs., LLC*, 2020 U.S. Dist. LEXIS 99258, at *29 (N.D. Cal. June 5, 2020) (approving settlement where "the Net Settlement Amount reflects a 12% recovery of the high-end estimate of potential damages."); *Camilo*, 2020 U.S. Dist. LEXIS 57435, at *17 (approving settlement where the "Net Settlement Fund is a little less than half (i.e., 44%) of defendants' potential liability"); *Bellinghausen*, 306 F.R.D. at 256 (approving settlement in a wage and hour class action where the gross common fund amount represented between 11% and 27% of plaintiffs' potential recovery). Pursuant to the Settlement, Defendants will effectively pay class members an additional week of compensation for each month worked. Doc. 56-1 at ¶ 9. Plaintiff's counsel reasonably concluded that a settlement providing class members such a recovery was in Class Members' best interests.

### E. The Extent of Discovery Completed and The Stage of The Proceedings

The parties reached a Settlement in good faith after engaging in sufficient formal and informal discovery, and then negotiating at arm's length during a day-long mediation conducted by a retired Judge, who is an experienced and well-respected mediator with extensive wage and hour class action experience. Doc. 56-1 (Morton

6
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Decl.) at ¶ 5. Although the parties agreed to mediate before completing all possible formal discovery, in negotiating a class resolution, "formal discovery is not a necessary ticket to the bargaining table." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). The focus is whether the parties had sufficient information to evaluate the strength and weakness of their case. *In re Immune Response Securities Litigation,* 497 F. Supp. 2d 1166, 1174 (S.D. Cal. 2007). Here, there is no dispute that the parties' settlement negotiations were conducted at arm's length, in good faith, after sufficient formal and informal discovery enabled the parties to intelligently assess the strengths or weaknesses of their case.

### F. The Experience and Views of Counsel

The opinions of experienced class counsel are "a factor supporting the court's final approval of the agreement" and are entitled to "considerable weight." *Ontiveros v. Zamora,* 303 F.R.D. 356, 371 (E.D. Cal. 2014); *Chen v. Chase Bank USA, N.A.,* 2020 U.S. Dist. LEXIS 110755, at *20 (N.D. Cal. June 23, 2020) (noting counsel's "extensive experience in this field, and their assertion that the settlement is fair, adequate, and reasonable, [] supports final approval of the Settlement Agreement."); *Uschold*, 2020 U.S. Dist. LEXIS 99258, at *32 (same). Here, Plaintiff's attorneys have substantial experience litigating class actions in general and wage and hour class actions in particular. Doc. 56-1 at ¶ 2; and Gomez Decl. at ¶¶ 2-5. Their opinion that the Settlement is fair and reasonable, and that final approval of the Settlement would best serve the interests of class members, weighs in favor of final approval.

### G. Notice of the Settlement and Class Members Response Thereto

The overwhelmingly positive reaction from the class also supports final approval. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (noting district court "ha[s] discretion to find a favorable reaction to the settlement" where few opted out); *Bellinghausen*, 306 F.R.D. at 258 ("Courts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of the proposed class settlement actions are favorable to the

class members.") Accordingly, courts generally conclude that where "none of the Class Members who received the Class Notice objected to the Settlement … [this factor] weighs in favor of final approval." *Contreras v. Worldwide Flight Servs.*, 2020 U.S. Dist. LEXIS 79037, at *14 (C.D. Cal. Apr. 1, 2020); *see also Nat'l Rural Telecomms. Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members."); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667, at *33 (N.D. Cal. Apr. 1, 2011) (same).

The federal rules require "the best notice that is practicable under the circumstances[.]" Fed. R. Civ. P. 23(c)(2)(B); *Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1044 (9th Cir. 2019) (requiring "best notice practicable").[3] Here, notice was distributed by mail and electronically, where possible, to Class Members, even though Defendants produced no electronic addresses. Longley Decl. at ¶ 4 and ¶ 6, the mailed notice, with a website, Longley Decl. at ¶ 7, and supplemental electronic notice, Longley Decl. at ¶ 8, was "the best notice practicable, which satisfied the requirements of law and due process." *Ortiz v. Genco, Inc.*, 2019 U.S. Dist. LEXIS 70625, *3 (N.D. Cal. April 23, 2019).

On May 22, 2020, the Notice was mailed to all 88 Class Members. Longley Decl. ¶¶ 4-5. As of July 30, 2020, no notices have been returned as undeliverable. *Id*. In addition, on May 27, 2020, Atticus sent a message in Spanish via WhatsApp to 17 Class Members for whom WhatsApp numbers were received from counsel. *Id*. at ¶ 6. Six of the messages were successfully delivered. *Id*. Atticus had an additional 44 interactions with class members, including phone calls, and 18 WhatsApp communications.

---

[3] The Ninth Circuit in *SFBSC Management* expected that additional notice beyond mail would be used where employees might be difficult to reach by mail. "We find it particularly problematic that, despite concerns that former employees in particular might be difficult to reach by mail, the settlement provided no other means of reaching former employees." *Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1046 (9th Cir. 2019).

8

Longley Decl. ¶ 8. Lastly, on May 22, 2020, Atticus launched the settlement website www.litigiofuturo.com. *Id*. at ¶ 7. The website has remained continuously operational since that date and continues to be accessible as of the date of this filing. *Id*. The URL was printed in the mailed Notice and referenced in the WhatsApp message. *Id*. The website includes, among other things, copies of the Notice in Spanish and English, as well as settlement documents filed with the Court, answers to frequently asked questions about the settlement, key settlement dates, and options on how to contact Atticus and Class Counsel. *Id*. Additionally, class counsel has fielded telephone calls, emails and messages from at least 19 class members. Third Morton Decl. at ¶ 4.

Class Members have until September 22, 2020 to request exclusion from the Settlement or object to the Settlement terms. Doc. 59 at 5. Information on how to exclude and object are included in the Notice and on the Settlement website. Longley Decl. at ¶ 9. As of the date of this submission, Atticus has not received any exclusion requests or settlement objections, nor have any Class Members contacted Atticus indicating any interest in opting out or objecting to the Settlement. Longley Decl. at ¶¶ 8- 9. Should any exclusion requests or objections be filed, the Administrator, Atticus, will update the parties and the Court after the September 22, 2020 deadline has passed. Longley Decl. at ¶ 9.

**H. There Are No Indicia of Collusion**

Courts consider three factors to assess whether collusion is at issue: (1) counsel receiving a disproportionate share of the settlement; (2) a 'clear sailing' arrangement; and (3) a reverter that returns unclaimed amounts to the defendant. *SFBSC Mgmt., LLC*, 944 F.3d at 1049. A district court must address indicators of collusion. *SFBSC Mgmt., LLC*, 944 F.3d at 1049-50. The settlement does not contain either a reverter of funds to Defendants, nor a settlement amount grossly disproportionate to the amount of fees. *In re Bluetooth*, 654 F.3d at 947. Further the fees requested are well supported and reasonable. Doc. 62 at 6.

## II. THE AMOUNTS OF FEES, COSTS AND ENHANCEMENT ARE REASONABLE

In connection with his previously filed Fee Motion, Plaintiff has explained why the requested amounts of attorneys' fees ($106,000), costs ($8,622.41) and enhancement award ($10,000) are reasonable. Doc. 62. The fees are in line with those prevailing in the Bay Area legal market and the hours expended were reasonably necessary. Doc. 62 at 6-7. The costs are reasonable and of the type commonly awarded. Doc. 62 at 8; *see also* Doc. 62-4.

The enhancement award of $10,000 is a reasonable incentive award and amounts to approximately four times the average class recovery. Langley Decl. at ¶11(c). These awards are intended "to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action[.]" *Rodriguez*, 563 F.3d at 958-59; *SFBSC Mgmt., LLC*, 944 F.3d at 1057. The $10,000 incentive award is just over four times the average class recovery of just over $2,440, Longley Decl. at ¶¶ 11-12, and compensates for significant time and reputational risks, Gomez-Gasca Decl. [Doc. 62-7] at ¶¶ 4-11. A four times recovery is inline with other decisions in this district. *Walsh v. CorePower Yoga LLC*, 2017 U.S. Dist. LEXIS 163991, at *40 (N.D. Cal. Oct. 3, 2017) (approving "a $10,000 service award for Plaintiff" in employment litigation); *Black v. T-Mobile USA, Inc.*, 2019 U.S. Dist. LEXIS 123676, at *21 (approving "a $10,000 service award" which was "approximately 3.2 times" average recovery); *McDonald v. CP OpCo, LLC*, 2019 U.S. Dist. LEXIS 80501, at *23-24 (N.D. Cal. May 13, 2019) (rejecting a service award of "7.5 times the recovery of an average class member" and awarding one of $10,000 or 5 times the average class recovery).

With regard to administration of the Settlement, Atticus final charge for administering the settlement is $7,220. Longley Decl. at ¶ 14. This represents a savings of $2,780 from the amount initially reserved, $10,000, for administration. Doc. 56 at 28.

## III. THE CY PRES DESIGNATION IS APPROPRIATE.

The Court has broad discretionary powers in selecting a cy pres recipient. *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990). But there must be "a driving nexus between the plaintiff class and the cy pres beneficiaries[.]" *Nachshin v. AOL, Ltd. Liab. Co.*, 663 F.3d 1034, 1038 (9th Cir. 2011). Here, the proposed *cy pres* award recipient, Food Bank of Monterey County, is related to the Plaintiff class' agricultural employment issues in Monterey County. *See* Settlement Agreement at ¶ 3.6 [Doc. 59 at 14].

## IV. ADJUSTMENT TO PAY FULL FLSA DAMAGES

Four class members worked six weeks or less. Longley Decl. at ¶ 11(c). Their distribution amounts on a workweek basis are between $387.11 and $774.02. Plaintiff proposes to raise those amounts to ensure they receive at least a minimum award of $868.29 which would provide full FLSA unpaid wages for their travel expenses and liquidated damages. The cost to raise the payments to the four class members so each received $868.24 is a total of $1,253.50. Because the Administrator had already apportioned all class funds in the notice process and begun printing notices before Plaintiff's counsel raised this issue, the $1,253.50 must come from other funds. Plaintiff proposes that a portion of the savings from a lower cost request by Plaintiff's counsel be used to raise the payment to these four class members while the remaining savings be apportioned to raise all class members payments on a pro rata basis based on the number of work weeks each worked.

## V. FINAL CERTIFICATION OF THE CLASS

The Court has preliminarily certified this case for settlement purposes. Doc. 59 at 1-2. The class to be finally certified consists of:

> all individuals employed by Future Ag Management Inc. pursuant to Job Order Number CA-15279712, under the terms of an H-2A visa, for the period of employment from May 15, 2017 through November 15, 2017 ("the Class")

Doc. 59 at 1. The final class list consists of 88 temporary foreign laborers. Longley Decl. at ¶ 4. The class is numerous, shares common questions of law and facts

11

including that they were all employed under the same written contract using the same job title and subject to the same legal violations, Morton Decl. [Doc. 56-1] at ¶ 4, Plaintiff is a member of the class and has fairly and adequately represented the interests of the class, Gomez-Gasca [Doc. 62-7] Decl. at ¶ 3. The class shares common legal and factual questions including the issue of FLSA violations for travel and proper compensation for each hour worked. Third Morton Decl. at ¶ 5. Accordingly, the Court should issue final class certification.

## CONCLUSION

Plaintiff respectfully requests the Court grant final approval of the Settlement and award Plaintiff the full amount of costs, fees and enhancement award requested in Plaintiff's Fee Motion.

Dated: July 31, 2020                             LAW OFFICES OF SANTOS GOMEZ

                                       By     /s/ *Dawson Morton*
                                                 Dawson Morton
                                                 Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this _31st__ day of July 2020 I have filed the foregoing MOTION FOR FINAL APPROVAL using the Court's CM/ECF system. The Court will electronically notice the following through the CM/ECF system:

Jennifer M. Schermerhorn
Rebecca A. Hause-Schultz
THE SAQUI LAW GROUP
1410 Rocky Ridge Drive, Suite 330
Roseville, California 95661
Email: JSchermerhorn@laborcounselors.com
Rhause-schultz@laborcounselors.com

Counsel for Camarillo Berry Farms, L.P. and Blazer Wilkinson, L.P.

Ana Toledo
NOLAND, HAMERLY, ETIENNE & HOSS
A Professional Corporation
333 Salinas Street
P.O. Box 2510
Salinas, CA 93902
atoledo@nheh.com
canossett@nheh.com

Counsel for Future Ag Management, Inc., Future Harvesters and Packers, Inc., and Elias Perez-Chavez

                                                        s/ D. Morton
                                                        Dawson Morton